PER CURIAM.
Upon consideration of this case after hearing oral argument, we have concluded that the writ was improvidently issued and should be and hereby is discharged. However, the issue of attorneys’ fees involved in this case should not remain unsettled and warrants our discussion.
In 1967 the Legislature amended F.S. § 627.0127 of the Insurance Code, F.S.A. to allow appellate courts to grant reasonable attorneys’ fees to any insured or named beneficiary under a policy or contract of insurance involved in an appeal in which a judgment or decree was rendered against an insurer in favor of the insured or named beneficiary. This act took effect on July 26, 1967. (Laws of Fla., Ch. 67-400.)
Petitioner asserts that the granting of attorneys’ fees by the District Court of Appeal to respondent-Drescher under the above amendment was an impermissible impairment of contract proscribed by both State and Federal Constitutions. We disagree. In Tuggle v. Government Employees Insurance Company, Fla.1969, 220 So.2d 355, we said, in speaking of that statute, “The 1967 amendment, supra, was not retroactive and there existed no statutory basis for award of fees for services performed in appellate proceedings instituted prior to its effective date.” To further clarify the point, we hold that attorneys’ fees may be awarded under the amended statute for services in the appellate court, whether on direct appeal or in certiorari proceedings, in all cases where the notice of appeal is filed subsequent to July 27, 1967. Such fees are not allowable in appeals taken prior to this date, *904 or in certiorari proceedings growing out of said appeal.
In the instant case the trial court rendered its final decree on July 25, 1967. Petitioner entered notice of appeal on September 22, 1967. This being so, the District Court properly awarded attorney’s fees to respondent-Drescher when judgment was entered in his favor and against the petitioner-insurer.
We now grant respondent-Drescher attorney’s fees in the amount of $750.00 for services rendered in this Court.
It is so ordered.
ERVIN, C. J., and THORNAL, CARL, TON, ADKINS and BOYD, JJ., concur.