539 So.2d 1131 (1989)
Sophie GERSHUNY, Petitioner,
v.
MARTIN McFALL MESSENGER ANESTHESIA PROFESSIONAL ASSOCIATION, Respondent.
No. 72754.
Supreme Court of Florida.
March 9, 1989.
Larry Klein and Jane Kreusler-Walsh of Klein & Beranek, P.A., West Palm Beach, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for petitioner.
Rex Conrad and Susan L. Dolin of Conrad, Scherer & James, Fort Lauderdale, for respondent.
KOGAN, Justice.
We have for review Martin McFall Messenger Anesthesia Professional Association v. Gershuny, 528 So.2d 1206 (Fla. 4th DCA 1988), to answer a question certified as one of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Sophie Gershuny was injured when she fell from her hospital bed after receiving electroconvulsive shock therapy. A certified registered nurse anesthesist had administered anesthesia to Gershuny prior to the treatment. Gershuny brought a medical malpractice suit against the nurse's employer, Martin McFall Messenger Anesthesia Association (the Association), which is comprised of physicians who practice anesthesiology.
At trial the jury found the Association was not negligent in its treatment of Gershuny. However, the trial court denied the Association's motion for attorney's fees because associations or other groups of health care providers are not specifically *1132 designated in the medical malpractice attorney's fees statute, section 768.56, Florida Statutes (1983). Section 768.56 provides, in part as follows:
[T]he court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or maintenance organization.
This Court has previously addressed the proper construction of section 768.56. In Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), we held that an award of attorney's fees is precluded against a nurse because nurses are not one of the enumerated health care professionals affected by the statute. We reached this conclusion for two reasons. First, the rule in Florida requires that statutes awarding attorney's fees must be strictly construed. Id. at 1243 (citing Thayer v. State, 335 So.2d 815 (Fla. 1976)). Second, it is well settled that the mention of one thing in a statute implies the exclusion of those things not expressly mentioned. Id. (citing Roberts v. Carter, 350 So.2d 78 (Fla. 1977)). Therefore, relying on these two principles, the Court determined recovery under section 768.56 is limited to those health care professionals specifically listed in the statute.
In this case the district court reasoned that Gershuny is subject to the provisions of section 768.56 because her suit was actually seeking to hold liable the group of physicians comprising the Association, and medical physicians are among those specifically enumerated in the statute. We disagree.
The Association is a professional service corporation organized under Chapter 621, Florida Statutes (1987). Chapter 621 was enacted to provide for the incorporation of an individual or group of individuals who perform the same professional service to the public for which they must be licensed. § 621.01, Fla. Stat. (1987). Section 621.07 addresses the liabilities of shareholders of a professional association and provides:
Nothing contained in this act shall be interpreted to abolish, repeal, modify, restrict, or limit the law now in effect in this state applicable to the professional relationship and liabilities between the person furnishing the professional services and the person receiving such professional service and to the standards for professional conduct; provided, however, that any officer, agent, or employee of a corporation organized under this act shall be personally liable and accountable only for negligent or wrongful acts or misconduct committed by him, or by any person under his direct supervision and control, while rendering professional service on behalf of the corporation to the person for whom such professional services were being rendered; and provided further that the personal liability of shareholders of a corporation organized under this act, in their capacity as shareholders of such corporation, shall be no greater in any aspect than that of a shareholder-employee of a corporation organized under chapter 607. The corporation shall be liable up to the full value of its property for any negligent or wrongful acts or misconduct committed by any of its officers, agents, or employees while they are engaged on behalf of the corporation in the rendering of professional services.
Thus under section 621.07, the group of physicians comprising the Association could be held personally liable in their capacity as physicians only if the negligence or wrongful act was committed by them or by someone under their direct supervision and control. Otherwise, the liability of the physicians is no greater than that of a shareholder-employee of any domestic business corporation.
The record shows that the nurse anesthesist who administered the anesthesia to Gershuny was acting independently and not under the direct supervision of a physician within the meaning of the statute. Accordingly, no physician-shareholder could have been held liable for the nurse anesthesist's negligence. Only the Association *1133 as a corporation could have been subject to liability under the circumstances presented here.
For purposes of liability under section 621.07 or an award of attorney's fees under section 768.56, it makes no difference that the Association happens to be comprised of a group of physicians. The Association is recognized in law as a legal corporate entity separate and distinct from the persons comprising it. American States Ins. Co. v. Kelley, 446 So.2d 1085 (Fla. 4th DCA), review denied, 456 So.2d 1181 (Fla. 1984). When a corporate entity is sued, the courts will not look behind that entity to hold liable the individuals who compose it absent fraud or some illegal purpose. See Aztec Motel, Inc. v. State ex rel. Faircloth, 251 So.2d 849 (Fla. 1971). The professional association here is indistinguishable from any other corporation that employs a nurse, and it is not one of the health care providers enumerated in the statute. Accordingly, Martin McFall Messenger Anesthesia Association is not entitled to an award of attorney's fees under section 768.56, Florida Statutes (1983).
For the reasons expressed in this opinion, we quash the decision of the fourth district with instructions to reinstate the trial court's order denying the Association's motion for attorney's fees.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.