VAN NORTWICK, Judge,
concurring in part and dissenting in part.
I concur with the reversal of the order denying Dr. Schnetzler’s motion to dismiss for lack of personal jurisdiction and with the certified question. I do not agree, however, that the so-called “corporate shield doctrine,” Doe v. Thompson, 620 So.2d 1004, 1006 (Fla.1993), is fully dispositive of the jurisdictional questions here.
Even if a professional, such as Dr. Schnet-zler, performs acts solely as an officer or employee of a corporation, that professional can be held personally liable for negligent or wrongful acts committed in his or her professional capacity. Gershuny v. Martin McFall Messenger Anesthesia Professional Association, 539 So.2d 1131, 1132 (Fla.1989); Southland Construction, Inc. v. Richeson Corp., 642 So.2d 5, 9 (Fla. 5th DCA 1994). Because I find that disputed issues of fact exist relating to whether the trial court possesses personal jurisdiction over Dr. Schnetzler for allegedly negligent acts personally performed by him in his professional capacity as a pa *448 thologist, I would remand for a limited evi-dentiary hearing under Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989). Accordingly, I respectfully dissent from that portion of the majority opinion which directs dismissal of Dr. Schnetzler from the instant action.