805 So.2d 119 (2002)
Ema GEDEON, Petitioner,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 4D01-3884.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
*120 Diego C. Asencio of Diego C. Asencio, P.A., North Palm Beach, and James P. Cooksey, Riviera Beach, for petitioner.
Elizabeth K. Russo of Russo Appellate Firm, Miami, and Matt Hellman of Matt Hellman, P.A., Plantation, for respondent.
PER CURIAM.
We grant the petition for writ of certiorari and quash that portion of the circuit court's appellate decision which denied appellate attorney's fees. The appeal to the circuit court arose following a county court jury trial, verdict and final judgment for the petitioner, Ema Gedeon, in a suit against respondent, State Farm, for PIP benefits. The circuit court, sitting in its appellate capacity, reversed the judgment and remanded the case for a new trial due to several errors that occurred during the trial. The circuit court denied Gedeon's motion for appellate attorney's fees solely because she did not prevail in the appeal to the circuit court. In this regard, the circuit court failed to apply the correct law. See Aksomitas v. Maharaj, 771 So.2d 541, 543-44 (Fla. 4th DCA 2000)(en banc on motion for rehearing of order granting attorney's fees)(holding that an appellate court should ordinarily grant a motion for prevailing party attorney's fees contingent on that party ultimately prevailing in the case below), rev. denied, 790 So.2d 1105 (Fla.2001). Additionally, since it appears that the circuit court neither considered nor applied the general rule in Aksomitas, the court also did not consider the exceptions in Aksomitas for appeals deemed unnecessary or where the appellee should have confessed error. See id.
Accordingly, we grant the petition for writ of certiorari and remand to the circuit court for that court to consider Aksomitas and to award appellate attorney's fees contingent on petitioner prevailing in the trial court, so long as the aforementioned exceptions do not apply.
GUNTHER, WARNER and STEVENSON, JJ., concur.