810 So.2d 514 (2002)
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,
v.
NU-BEST DIAGNOSTIC LABS, INC., etc., Appellee.
Nos. 5D00-987, 5D00-1387, 00-1482.
District Court of Appeal of Florida, Fifth District.
March 8, 2002.
*515 Tracy Raffles Gunn of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Stephan W. Carter of Vose, Blau & Hayes, P.A., Winter Park, for Appellee.

ON MOTIONS FOR REHEARING AND CERTIFICATION
THOMPSON, C.J.
Appellee Nu-Best Diagnostics Labs, Inc. moved for certification of conflict on the merits of this appeal, but points out that the conflict has now been resolved by United Auto. Ins. v. Rodriguez, 808 So.2d 82, (Fla. 2001). The motion is denied as moot.
Nu-Best also moves for rehearing of this court's order awarding appellant Nationwide Mutual Insurance Company appellate attorney's fees. We grant the motion for rehearing. As Nationwide properly concedes, this court's order awarding attorney's fees should have been conditioned on Nationwide's ultimately prevailing in the litigation. See Wilson v. Southern Repair Services, Inc., 812 So.2d 445 (Fla. 5th DCA 2001). This court's order awarding fees to Nationwide is so amended.
Nu-Best also moves for rehearing of this court's order denying its motion for appellate attorney's fees. Nu-Best contends that although it did not prevail in the appeal, this court should have granted its motion, conditioned upon its becoming the overall prevailing party. Nu-Best cites Aksomitas v. Maharaj, 771 So.2d 541 (Fla. 4th DCA 2000) rev. denied, 790 So.2d 1105 (Fla.2001), in which the court granted a motion for appellate attorney's fees, submitted by the party who lost on appeal, conditioned upon that party's prevailing overall. Aksomitas receded from General Accident Insurance Co. v. Packal, 512 So.2d 344 (Fla. 4th DCA 1987), in which it had held that a party must prevail both on appeal and in the overall litigation to be entitled to appellate fees.
Rule 9.400(b), Florida Rules of Appellate Procedure, governs the procedure to be followed with respect to appellate entitlement to fees. Because the rule is procedural rather than substantive, see United Services Automobile Association v. Phillips, 775 So.2d 921 (Fla.2000), guidance in determining entitlement to fees must come from the law contract upon which the motion for attorney's fees is based. Florida Rule of Appellate Procedure 9.400 contemplates an allowance of attorney's fees only if otherwise authorized by substantive law. See Israel v. Lee, 470 So.2d 861, 862 (Fla. 2d DCA 1985) (citing *516 Committee Notes, Fla. R.App. P. 9.400; In re Estate of Crosley, 384 So.2d 274 (Fla. 4th DCA 1980)).[1]
It has often been stated that statutes providing for awards of attorney's fees are to be strictly construed because they are in derogation of common law, but in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1147-48 (Fla.1985) the court recognized that such statutes are contrary to the "American Rule," rather than in derogation of the common law rule that litigants pay their own attorney's fees. Nevertheless, after Rowe the supreme court has reiterated that attorney's fees statutes should be strictly construed. See, e.g., Dade County v. Pena, 664 So.2d 959 (Fla.1995) (citing Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n, 539 So.2d 1131, 1132 (Fla.1989).) Earlier cases have said that an award of fees to an insured is in the nature of a penalty against an insurer, and for that reason the authorizing statute must be strictly construed. See, e.g., Salter v. National Indem. Co., 160 So.2d 147 (Fla. 1st DCA 1964) (citing Equitable Life Assur. Soc. of U.S. v. Nichols, 84 So.2d 500 (Fla. 1956); Bohlinger v. Higginbotham 70 So.2d 911 (Fla.1954); U.S. Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613, 616 (Fla.1921)).
In the instant case, Nu-Best, as assignee of National's insureds, seeks a conditional award of fees based on section 627.428, Florida Statutes, which provides for awards of appellate fees to insureds who prevail against the insurer:
627.428. Attorney's fee
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(emphasis added). The underlined words control the outcome of Nu-Best's motion. Nu-Best is not entitled to a conditional award of fees because this is not an appeal "in which the insured or beneficiary prevails." Accordingly, although the motion for rehearing on this issue is well taken, it is denied on the merits. We decline to certify conflict with Aksomitas because it involved a contractual provision for fees, and the instant case involves a statutory provision.
DENIED.
HARRIS and PALMER, JJ., concur.
NOTES
[1] Israel was disapproved in Moakley v. Smallwood, No. SC95471, ___ So.2d ___, 2002 WL 276466 (Fla. Feb.28, 2002) "to the extent that it rejected the inherent authority of the trial court as a basis for awarding attorneys' fees".