919 So.2d 473 (2005)
BRASS & SINGER, P.A., a/o/a Mildred Solages, Petitioner,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 3D05-951.
District Court of Appeal of Florida, Third District.
September 21, 2005.
Rehearing and Rehearing Denied January 31, 2006.
*474 Stephens, Lynn, Klein, LaCava, Hoffman & Puya, P.A., and Marlene S. Reiss, Miami, for petitioner.
Michael J. Neimand, Miami, for respondent.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied January 31, 2006.
COPE, C.J.
This is a petition for writ of certiorari whereby the petitioner challenges an order of the circuit court, appellate division, which denied a claim for appellate attorney's fees. We deny the petition for writ of certiorari but certify direct conflict.

I.
This case originated as a county court lawsuit over personal injury protection (PIP) benefits. The insured, Mildred Solages, assigned her benefits to the petitioner physicians, Brass & Singer, P.A., ("the doctors"). The county court denied a motion by the respondent insurer, United Automobile Insurance Company ("the insurer") for a continuance. The doctors prevailed at trial and the insurer appealed.
A three-judge panel of the circuit court reversed and remanded for a new trial. The appellate division concluded that under the circumstances presented, it had been an abuse of discretion to deny the insurer's motion for continuance.
The doctors had filed a motion for appellate attorney's fees under section 627.428, Florida Statutes (2004). The doctors had, of course, lost the appeal. The doctors contended, however, that they should be conditionally granted appellate attorney's fees, to be paid to them if they recovered judgment against the insurer at the conclusion of the case. The appellate division denied the doctors' motion for attorney's fees on authority of Nationwide Mut. Ins. Co. v. Nu-Best Diagnostic Labs, Inc., 810 So.2d 514 (Fla. 5th DCA 2002). The doctors have petitioned for a writ of certiorari.[1]

II.
There is currently a conflict between the Fourth and Fifth Districts on how to interpret section 627.428, Florida Statutes, in the present circumstances.
The Fourth District has taken the position that where an insured loses an appeal but the matter is remanded for a new trial, the correct procedure is for the appellate court to conditionally grant appellate attorney's fees and remand for a determination of the amount, contingent on the insured recovering judgment against the insurer at the conclusion of the case. *475 See Gedeon v. State Farm Mut. Auto. Ins. Co., 805 So.2d 119 (Fla. 4th DCA 2002); Aksomitas v. Maharaj, 771 So.2d 541, 543-45 (Fla. 4th DCA 2000) (en banc).
The Fifth District takes the position that where, as here, the insured loses the appeal but there will be a new trial, the insured is not entitled to any appellate attorney's fees for the appeal which the insured has lost. See Nu-Best, 810 So.2d at 515; see also Philip J. Padovano, Florida Appellate Practice § 20.5 (2005); Tracy Raffles Gunn, Attorneys' Fees on Appeal: Basic Rules and New Requirements, 76 Fla.B.J. 31 (April 2002).
We entirely agree with the ruling of the appellate division, and endorse the Fifth District's opinion in Nu-Best. As the Nu-Best court explained, the legal analysis here is governed by the words used in the statute, which:
provides for awards of appellate fees to insureds who prevail against the insurer: 627.428. Attorney's fee
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(Emphasis added). The [italicized] words control the outcome of Nu-Best's motion. Nu-Best is not entitled to a conditional award of fees because this is not an appeal "in which the insured or beneficiary prevails."
810 So.2d at 516.
By the plain words of the statute, the insured is entitled to appellate attorney's fees only "in the event of an appeal in which the insured or beneficiary prevails...." § 627.428(1), Fla. Stat.[2] The doctors did not prevail in their appeal. It follows that the doctors' request for appellate attorney's fees was correctly denied.[3]

III.
We conclude that this case is an appropriate one for our entertaining the petition for writ of certiorari on the merits. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000). That is so because the issue involved here is a recurring one. Not only is there a conflict between the districts at this time, with no controlling precedent within this district, but the court has also been informed that two circuit court appellate division panels have recently reached conflicting rulings on the same point of law.

IV.
For the stated reasons, we deny the petition for writ of certiorari on the merits. We certify direct conflict with Gedeon.
Petition denied; direct conflict certified.
NOTES
[1] Certiorari is the procedure for review in this court of the denial of appellate attorney's fees by the appellate division of the circuit court. See Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So.2d 146, 147 (Fla. 3d DCA 2002).
[2] For purposes of the statute, the doctors in this case stand in the shoes of the insured.
[3] In the present case the insured lost the appeal. Where, on the other hand, the insured has prevailed on an appeal and the order is for a new trial, our long-standing interpretation of section 627.428 is to enter an order conditionally granting appellate attorney's fees, contingent on the insured being the prevailing party at the conclusion of the case. See Allstate Ins. Co. v. De La Fe, 647 So.2d 965 (Fla. 3d DCA 1994).