922 So.2d 221 (2005)
PROGRESSIVE EXPRESS INSURANCE COMPANY, Petitioner,
v.
MIAMI DADE HEALTH & REHAB SERVICES, as assignee of Idalia Cedres, Respondent.
No. 3D05-1343.
District Court of Appeal of Florida, Third District.
November 16, 2005.
Rehearing and Rehearing Denied March 22, 2006.
Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein and Douglas H. Stein, Miami, for petitioner.
Stephens Lynn Klein LaCava Hoffman & Puya, P.A., and Marlene S. Reiss, Miami, for respondent.
Before WELLS, SHEPHERD, and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied March 22, 2006.
SHEPHERD, J.
Petitioner, Progressive Express Insurance Company, seeks certiorari review of an order of the circuit court, appellate *222 division, which granted Respondent, Miami Dade Health & Rehab Services' (Miami Dade HRS) motion for appellate attorney fees pursuant to section 627.428(1) of the Florida Statutes even though Miami Dade HRS did not prevail on the appeal. We grant the petition but certify direct conflict.
We find that this case is factually indistinguishable from our recent decision in Brass & Singer P.A. v. United Auto. Ins. Co., 919 So.2d 473 (Fla. 3d DCA 2005). Like Brass & Singer, this case originated as a county court lawsuit over personal injury protection (PIP) benefits. The insured, Idalia Cedres, assigned her benefits to the respondent, Miami Dade HRS. Miami Dade HRS then sued Cedres' PIP carrier, Progressive. Ultimately, the county court granted summary judgment to Miami Dade HRS, and Progressive appealed. On appeal, Miami Dade HRS filed a conditional motion for attorney fees pursuant to section 627.428(1) of the Florida Statutes (2004) in which it asked the circuit court, appellate division, to enter an order awarding it appellate fees in the event that it ultimately prevailed on the merits of the case. The circuit court, appellate division, reversed the judgment of the county court, finding that there were genuine issues of material fact which precluded the granting of summary judgment. Although Miami Dade HRS was the unsuccessful party on appeal, the court nevertheless awarded Miami Dade HRS its appellate attorney fees pursuant to its motion.
We have recently held on facts nearly identical to those before us here that an insured is not entitled to appellate attorney fees under section 627.428(1) when it loses an appeal, even if the insured ultimately prevails at a trial on the merits. See Brass & Singer, (adopting the reasoning of Nationwide Mut. Ins. Co. v. Nu-Best Diagnostic Labs, Inc., 810 So.2d 514 (Fla. 5th DCA 2002)). Miami Dade HRS was the losing party on appeal in this case. Accordingly, Miami Dade HRS is not entitled to attorney fees under section 627.428(1), whatever the ultimate outcome of the case may be. We grant the petition and quash the order below. In so doing, we certify direct conflict with Gedeon v. State Farm Mut. Auto. Ins. Co., 805 So.2d 119, 120 (Fla. 4th DCA 2002) and Aksomitas v. Maharaj, 771 So.2d 541, 543-45 (Fla. 4th DCA 2000).
Petition granted; order quashed; direct conflict certified.