944 So.2d 252 (2006)
BRASS & SINGER, P.A., etc., Petitioner,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Respondent.
No. SC06-283.
Supreme Court of Florida.
November 9, 2006.
*253 Marlene S. Reiss of Stephens, Lynn, Klein, et al., Miami, FL, for Petitioner.
Michael J. Neimand, The Office of the General Counsel, United Automobile Company, Trial Division, Coral Gables, FL, for Respondent.
BELL, J.
We have for review the decision of the Third District Court of Appeal in Brass & Singer, P.A. v. United Automobile Insurance Co., 919 So.2d 473 (Fla. 3d DCA 2005), which the Third District certified to be in direct conflict with the decision of the Fourth District Court of Appeal in Gedeon v. State Farm Mutual Automobile Insurance Co., 805 So.2d 119 (Fla. 4th DCA 2002). The conflict issue is a pure question of law: whether the language of section 627.428, Florida Statutes (2004), authorizes an appellate court to conditionally award appellate attorney's fees to an insured that loses on appeal on the basis that the insured may be the prevailing party at the close of litigation.[1] The Third District held that the plain meaning of section 627.428 does not authorize an appellate court to grant conditional appellate attorney's fees to an insured or, in this case, the insured's assignee who lost on appeal. Brass & Singer, P.A., 919 So.2d at 475.[2] In so holding, the Third District endorsed the Fifth District's decision in Nationwide Mutual Insurance Co. v. Nu-Best Diagnostic Labs, Inc., 810 So.2d 514 (Fla. 5th DCA 2002). 919 So.2d at 475. In Gedeon, the Fourth District held that a circuit court acting in its appellate capacity erred in refusing to conditionally grant appellate attorney's fees pursuant to section 627.428 to an insured who lost on appeal. 805 So.2d at 119. The Fourth District reasoned that the circuit court failed to follow the law set forth in Aksomitas v. Maharaj, 771 So.2d 541 (Fla. 4th DCA 2000), which requires that "an appellate court should ordinarily grant a motion for prevailing party attorney's fees contingent on that party ultimately prevailing in the case below." Gedeon, 805 So.2d at 120 (citing Aksomitas, 771 So.2d at 543-44).[3]
For the reasons stated below, we approve the decisions of the Third and Fifth Districts and disapprove the decision of the Fourth District.

DISCUSSION
We review the district courts' interpretation of section 627.428, Florida Statutes (2004), de novo. B.Y. v. Dep't of Children & Families, 887 So.2d 1253, 1255 (Fla.2004) ("The standard of appellate review on issues involving the interpretation of statutes is de novo."). Florida Rule of Appellate Procedure 9.400(b) is the procedural vehicle by which a party seeks attorney's *254 fees from an appellate court. United Servs. Auto. Ass'n v. Phillips, 775 So.2d 921, 922 (Fla.2000).[4] Pursuant to rule 9.400(b), "a party seeking attorney's fees in an appellate court must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal." Id. at 922.
Section 627.428 is the "statutory basis for an award of fees on appeal" to an insured who must file suit against an insurer to enforce payment. Section 627.428(1), Florida Statutes (2004), provides as follows:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(Emphasis added.)
The conflict issue here involves the proper interpretation of this statutory language. "Although legislative intent guides our analysis, to determine that intent we look first to the statute's plain meaning." V.K.E. v. State, 934 So.2d 1276, 1286 (Fla.2006) (citation omitted) (citing Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 5 (Fla.2004); State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996)). "[T]he statute's text is the most reliable and authoritative expression of the Legislature's intent." Id. "[I]t is also a well-established rule in Florida that `statutes awarding attorney's fees must be strictly construed.'" Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995) (quoting Gershuny v. Martin McFall Messenger Anesthesia Prof'l Ass'n, 539 So.2d 1131, 1132 (Fla.1989)); see also Nu-Best, 810 So.2d at 516.
Because the text of section 627.428(1) must be strictly construed to give effect to its plain meaning, we approve the Fifth District's interpretation and reasoning in Nu-Best, as endorsed by the Third District below. In Nu-Best, the Fifth District strictly construed the plain meaning of the underlined language in section 627.428(1) above to mean that an insured that loses on appeal "is not entitled to a conditional award of fees because this is not an appeal `in which the insured or beneficiary prevails.'" Nu-Best, 810 So.2d at 516 (quoting § 627.428, Fla. Stat.). The Third District adopted this construction of section 627.428(1) and properly denied Brass & Singer's motion for a conditional award of appellate attorney's fees. Brass & Singer, P.A., 919 So.2d at 475. On the other hand, we find that the Fourth District did not give effect to the plain meaning of section 627.428(1) which authorizes appellate attorney fees for an insured only "in the event of an appeal in which the insured or beneficiary prevails."
Accordingly, we hold that under the plain language of section 627.428(1), an appellate court may not award attorney's fees to an insured unless the insured prevails on appeal. In so holding, we approve *255 the decision of the Third District below and disapprove the decision of the Fourth District in Gedeon.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and CANTERO, JJ., concur.
NOTES
[1] We have jurisdiction to resolve the certified conflict. See art. V, § 3(b)(4), Fla. Const.
[2] Brass & Singer, P.A. are the insured's physicians. Brass & Singer, P.A., 919 So.2d at 474. The insured assigned her benefits to the physicians, and they filed suit directly against the insurer, United Automobile Insurance Company. Id.
[3] In Aksomitas, the Fourth District conditionally granted attorney's fees to the losing party on appeal, reasoning that both parties could potentially be deemed the prevailing party at the end of all litigation under the prevailing party test of Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992). 771 So.2d at 543-45. Although the Fourth District's decision in Aksomitas does not involve the proper interpretation of section 627.428(1), in its analysis, it mentions that the intent behind section 627.428(1) is to make the insured whole. Id. at 544.
[4] Rule 9.400(b) provides:

(b) Attorneys' Fees. A motion for attorneys' fees may be served not later than the time for service of the reply brief and shall state the grounds on which recovery is sought. The assessment of attorneys' fees may be remanded to the lower tribunal. If attorneys' fees are assessed by the court, the lower tribunal may enforce payment.