971 So.2d 906 (2007)
The STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, etc., Appellant,
v.
Jason TRAUTH and Luis Llamas, Appellees.
No. 3D07-159.
District Court of Appeal of Florida, Third District.
December 12, 2007.
*907 Thomas C. Mielke and Judson Chapman, for appellant.
Michael A. Catalano, Miami, for appellees.
Before GERSTEN, C.J., and RAMIREZ, and SUAREZ, JJ.
PER CURIAM.
The State of Florida, Department of Highway Safety and Motor Vehicles ("the Department"), appeals an order awarding attorneys' fees to Jason Trauth and Luis Llamas ("the drivers"). Because the order fails to specify a proper basis for the award, we reverse.
The drivers' driving privileges were suspended after they were arrested for driving under the influence and refused to consent to blood alcohol level testing. They successfully challenged the suspensions in the circuit court, and were deemed entitled to appellate attorneys' fees, solely on the basis of Florida Rule of Appellate Procedure 9.400.
The Department sought second-tier certiorari review in this Court. While this Court's review was pending, the circuit court referred the case to the county court to determine the amount of the fees. The county court awarded the drivers $38,360 in fees. This Court later summarily denied certiorari. State, Dep't of Highway Safety v. Trauth, 959 So.2d 269 (Fla. 3d DCA 2007).
On appeal, the Department asserts that the trial court erred in awarding attorneys' fees without making specific findings. The drivers contend the attorneys' fees award should be affirmed for three reasons. First, they argue the law of the case doctrine compels dismissal of the appeal because this Court previously denied certiorari relief. Second, they claim this Court lacks jurisdiction because the county court awarded the fees. Finally, they contend the trial court properly awarded the fees. The drivers are incorrect on all grounds.
Turning first to the law of the case doctrine, the doctrine only applies when certiorari is denied on the merits. Unelaborated certiorari denials are not deemed denials on the merits. Topps v. State, 865 So.2d 1253, 1258 (Fla.2004). Therefore, this Court's prior summary unelaborated denial of the Department's petition for writ of certiorari cannot be the "law of the case" regarding attorneys' fees.
*908 Turning next to jurisdiction, the Department contests the circuit court's entitlement order, rather than the amount the county court awarded. An attorneys' fee award, however, does not become final, and therefore appealable, until the amount of fees is set. Chaiken v. Suchman, 694 So.2d 115, 117 (Fla. 3d DCA 1997). Thus, the Department could not have appealed the circuit court's decision until the county court set the fees. Accordingly, this Court has jurisdiction to review the circuit court's entitlement order.
Lastly, rule 9.400 "governs the procedure to be followed with respect to appellate entitlement to fees," but it "is procedural rather than substantive." Nationwide Mut. Ins. Co. v. Nu-Best Diagnostic Labs, Inc., 810 So.2d 514, 515 (Fla. 5th DCA 2002). Therefore, rule 9.400 cannot be the basis for an award of attorneys' fees. An award of appellate attorneys' fees must be supported by a particular contractual, statutory, or other substantive basis. United Servs. Auto. Ass'n v. Phillips, 775 So.2d 921 (Fla.2000). Because the circuit court appellate panel failed to state any basis for awarding attorneys' fees, other than rule 9.400, the attorneys' fee award cannot stand.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.