990 So.2d 607 (2008)
UNITED AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Rosaida PEREZ, Respondent.
Nos. 3D08-1191, 3D08-1185.
District Court of Appeal of Florida, Third District.
August 27, 2008.
Fowler White Burnett and June Galkoski Hoffman and Marc J. Schleier, Miami; Michael J. Niemand, for petitioner.
Wasson & Associates and Roy D. Wasson, Miami; Jontiff & Jontiff and Jeannie M. Jontiff, Miami Beach, for respondent.
*608 Before COPE, SUAREZ, and CORTIÑAS, JJ.
COPE, J.
In case No. 3D08-1185, Rosaida Perez, plaintiff below, petitions for a writ of certiorari in which she seeks to quash a decision of the circuit court appellate division which reversed a county court judgment in her favor. We deny the petition on authority of Allstate Insurance Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003), and Ivey v. Allstate Insurance Co., 774 So.2d 679, 682 (Fla.2000).
In case No. 3D08-1191, United Automobile Insurance Co., defendant below, seeks to quash the attorney's fee award entered by the appellate division of the circuit court. In the appellate division, the defendant obtained a reversal of the county court judgment in favor of the plaintiff, and a remand for further proceedings. At the conclusion of the appellate division opinion, the court stated: "If [plaintiff] Perez prevails upon remand, then she will be entitled to attorney's fees and costs pursuant to § 627.428, Fla. Stat. (2006)." The defendant argues that under Brass & Singer, P.A. v. United Automobile Ins. Co., 944 So.2d 252, 254 (Fla.2006), "an appellate court may not award attorney's fees to an insured unless the insured prevails on appeal." The plaintiff concedes that the defendant is correct. We therefore quash the portion of the appellate division opinion which awarded appellate attorney's fees to the plaintiff. We do not disturb the remainder of the appellate division opinion.
For the stated reasons, certiorari is granted in part and denied in part.