SHEPHERD, J.
 

 This is a second-tier certiorari case in which United Automobile Insurance Company (United) seeks certiorari review of a circuit court appellate division order granting Appellee below, Ramiro Lopez, statutory appellate attorney fees in that court on the authority of section 627.428 of the Florida Statutes (2008), despite the fact he did not prevail. The order represents a departure from clearly established law. For this reason, we grant the petition.
 

 The case arises out of a June 2004 automobile accident in which Lopez, United’s insured, was injured. Later that year, Lopez sued United in Miami-Dade County Court for more than $6000 under the personal injury protection benefits provision of the insurance policy. United answered, denying liability and alleging as affirmative defenses that Lopez made material misrepresentations on his insurance application, and that some of the bills submitted were bogus. In July 2006, Lopez moved for summary judgment. After two hearings, the trial court granted final summary judgment to Lopez as to the entirety of his claim, over express protestations by United that neither Lopez’s motion nor the record refuted United’s affirmative defenses. United appealed.
 

 In its Initial Brief, United advanced just one argument for reversal:
 

 IT IS REVERSIBLE ERROR FOR THE TRIAL COURT TO GRANT THE INSURED’S MOTION FOR SUMMARY JUDGMENT WHERE THE INSURED FAILED TO DISPROVE THE AFFIRMATIVE DEFENSES OR ESTABLISH THEIR LEGAL INSUFFICIENCY.
 

 The appellate panel agreed with United and reversed the final judgment on this basis. Although recognizing this was “United’s sole argument on appeal,” the appellate panel nevertheless awarded Lopez attorney fees. In so doing, the circuit court appellate division departed from the essential requirements of law.
 

 The circuit court appellate division’s fee award to Lopez in this case was based upon section 627.428(1) of the Florida Statutes. The statute reads, in relevant part:
 

 (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer ... the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in
 
 favor of the
 
 insured ... a reasonable sum as fees or
 
 *585
 
 compensation for the insured’s ... attorney prosecuting the suit in which the recovery is had.
 

 § 627.428(1) (emphasis added). Here, Lopez was not the prevailing party as to what the circuit court appellate division itself recognizes, as well as the law, was “the sole” issue on appeal.
 

 Recently, the Florida Supreme Court removed all doubt concerning whether there is any elasticity in the plain language of the statute.
 
 See Brass & Singer, P.A. v. United Auto. Ins. Co.,
 
 944 So.2d 252 (Fla.2006). In
 
 Brass & Singer,
 
 the insured’s assignee sued United for insurance benefits. The issue presented was “whether the language of section 627.428, Florida Statutes (2004), authorizes an appellate court to conditionally award appellate attorney’s fees to an insured that loses on appeal on the basis that the insured may be the prevailing party at the close of litigation.”
 
 Id.
 
 at 253. Resolving a conflict among the district courts of appeal on the issue, the Florida Supreme Court disapproved the proposed conditional award, stating:
 

 The conflict issue here involves the proper interpretation of this statutory language. “Although legislative intent guides our analysis, to determine that intent we look first to the statute’s plain meaning.” “[T]he statute’s text is the most reliable and authoritative expression of the Legislature’s intent.” “[I]t is also a well-established rule in Florida that ‘statutes awarding attorney’s fees must be strictly construed.’ ”
 

 Because the text of section 627.428(1) must be strictly construed to give effect to its plain meaning, we ... construe! ] the plain meaning of the underlined language in section 627.428(1) above to mean that an insured that loses an appeal “is not entitled to a conditional award of fees because this is not an appeal ‘in which the insured or beneficiary prevails.’ ”
 

 Id.
 
 at 254 (citations omitted). Accordingly, the court concluded, “[U]nder the plain language of section 627.428(1), an appellate court may not award attorney’s fees to an insured unless the insured prevails on appeal.”
 
 Id.
 
 (emphasis added).
 

 Our own case law, post
 
 -Brass & Singer,
 
 has reiterated the command of our high court that the word “prevails” means “prevails.”
 
 See United Auto. Ins. Co. v. Perez,
 
 990 So.2d 607 (Fla. 3d DCA 2008);
 
 United Auto. Ins. Co. v. Prof'l Med. Group, Inc.,
 
 1 So.3d 365, 366 (Fla. 3d DCA 2009) (“[A]n appellate court cannot award appellate attorney’s fees to an insured unless the insured prevails on appeal.”).
 
 [1]
 
 It is also apodictic that the failure to follow “clearly established law,” including “recent controlling case law” constitutes grounds for issuance of the writ.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 890 (Fla.2003). Such is the case here.
 

 Petition granted; order quashed.
 

 [1]
 

 . The circuit court appellate division did not have the benefit of this additional authority at the time it granted appellate fees to the insured in this case.