PER CURIAM.
 

 Petitioner, Kimberly A. Grider-Garcia [“Petitioner”], seeks a writ of certiorari from this Court quashing two separate orders of the lower court. The first order was rendered October 9, 2008, and denied Petitioner’s renewed motion to amend the complaint. The second order was rendered October 2, 2008, and denied Petitioner’s “Motion to Strike Defendant’s ‘Requests for Admissions to Plaintiff, Jose Juan Garcia’, Objection to the Set of Request for Admissions and Motion for Protective Order.” The petition for certiorari must be denied because any error would be fully remediable on plenary appeal.
 

 This proceeding does, however, give rise to the question whether Petitioner is entitled to a provisional award of fees for this proceeding tied to the ultimate determination whether she is the prevailing party in the suit against her insurer pursuant to section 627.428, Florida Statutes.
 

 We have only located one district court case where the issue of appellate attorney’s fees was addressed in a
 
 certiorari
 
 proceeding involving review of a non-final order,
 
 General Accident Insurance Co. v. Packal,
 
 512 So.2d 344, 345 (Fla. 4th DCA 1987). In
 
 Packal,
 
 the respondent filed a
 
 *1121
 
 timely motion for appellate attorney’s fees in a
 
 certiorari
 
 proceeding where the respondent
 
 did not
 
 ultimately prevail in the
 
 certiorari
 
 proceeding itself. After conditionally granting the motion, the Fourth District later concluded that “no appellate attorney’s fees should [be] awarded to [respondent] because [respondent] was not a prevailing party in [the
 
 certiorari]
 
 proceeding.”
 
 Id.
 
 at 346.
 

 Subsequently, in
 
 Aksomitas v. Maharaj,
 
 771 So.2d 541, 542 (Fla. 4th DCA 2000), the Fourth District receded from its decision in
 
 Packal,
 
 while using the provisions of section 627.428, Florida Statutes, to illustrate its basis for receding. The Fourth District stated in pertinent part:
 

 When prevailing party attorney’s fees are assessed at the conclusion of litigation, the trial court determines “which party has in fact prevailed on the significant issues tried before the court.”
 
 Moritz v. Hoyt Enter., Inc.,
 
 604 So.2d 807, 810 (Fla.1992). Trial courts, however, have no authority to award prevailing party attorney’s fees for an appeal unless specifically authorized to do so by the appellate court.
 
 Foley v. Fleet,
 
 652 So.2d 962 (Fla. 4th DCA 1995);
 
 Travelers Indem. Co. of Am. v. Morris,
 
 390 So.2d 464 (Fla. 3d DCA 1980). Appellate courts are thus required to rule on motions for prevailing party attorney’s fees without knowing who will ultimately prevail. This court grants those motions contingent on that party prevailing, leaving the determination of the amount to the trial court, as is authorized by rule 9.400(b).
 

 We now recognize that the inflexible rule of
 
 Packal
 
 is contrary to the public policy behind statutes which provide for prevailing party attorney’s fees. For example, section 627.428, Florida Statutes, provides that an insured who prevails in litigation against an insurer is entitled to recover attorney’s fees from the insurer. The purpose of the statute is to make the insured whole, i.e., in the same position the insured would had [sic] been if the insurer had paid the claim without litigation.
 
 Clay v. Prudential Ins. Co. of Am.,
 
 617 So.2d 433 (Fla. 4th DCA 1993), citing
 
 Insurance Co. of N. Am. v. Lexow,
 
 602 So.2d 528 (Fla.1992)(purpose of section 627.428 is to “reimburse successful insureds for their attorney’s fees.”). Under
 
 Packal,
 
 however, if the insured loses an appeal during the litigation, but ultimately recovers under the policy, the insured cannot recover fees for services rendered on the appeal. The policy behind the statute, which is to make the insured whole, is thus frustrated.
 

 Id.
 
 at 544 (emphasis added). The Fourth District then conditionally granted appellate attorney’s fees to the party who did not prevail in the non-final appellate proceeding itself.
 

 In
 
 Nationwide Mutual Insurance Co. v. Nu-Best Diagnostic Labs, Inc.,
 
 810 So.2d 514, 515 (Fla. 5th DCA 2002), this Court expressly disagreed with the Fourth District’s conclusion in
 
 Aksomitas
 
 as it related to the conditional granting of section 627.428 appellate attorney’s fees to a party that did not prevail in the appellate proceeding. In doing so, this Court applied a strict construction to the language of section 627.428 and concluded:
 

 In the instant case, Nu-Best, as assign-ee of National’s insureds, seeks a conditional awarcT of fees based on section 627.428, Florida Statutes, which provides for awards of appellate fees to insureds who prevail against the insurer:
 

 627.428. Attorney’s fee
 

 (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or
 
 *1122
 
 the named beneficiary under a policy or contract executed by the insurer, the trial court or;
 
 in the event of an appeal in which the insured or beneficiary prevails,
 
 the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
 

 (emphasis added).
 

 The underlined words control the outcome of Nu-Best’s motion. Nu-Best is not entitled to a conditional award of fees because this is not an appeal “in which the insured or beneficiary prevails.”
 

 Id.
 
 at 516. This Court’s opinion in
 
 Nu-Best
 
 was approved by the Florida Supreme Court in
 
 Brass & Singer, P.A. v. United Auto. Insurance Co.,
 
 944 So.2d 252 (Fla.2006). Given the courts’ narrow interpretation of the language of section 627.428, it appears that this Court is not authorized to grant fees to an insured who does not succeed in his or her application for
 
 certiorari.
 
 Indeed, it is doubtful that an insured would even be entitled to fees for a
 
 certiorari
 
 proceeding in which it prevails based on the interpretation of the statute that appellate courts are authorized to award fees only for an appeal that the insured wins.
 

 PETITION DENIED; MOTION FOR FEES DENIED.
 

 GRIFFIN, ORFINGER and COHEN, JJ., concur.