NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


WAYNE ALLEN and SUSAN ALLEN, )
 )
   Petitioners, )
 )
v. ) Case No. 2D15-3114
 )
STATE FARM FLORIDA INSURANCE )
COMPANY, )
 )
   Respondent. )
_____)

Opinion filed August 17, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Pasco County; Kimberly Sharpe
Byrd, Judge.

George A. Vaka and Richard N. Asfar of
Vaka Law Group, P.L., Tampa, and
Kenneth C. Thomas and Barbara M.
Hernando of Marshall Thomas P.L.,
Tampa, for Petitioners.

Scot E. Samis of Traub Lieberman Straus
& Shrewsberry LLP, St. Petersburg, for
Respondent.

ORDER ON PETITIONERS' MOTION FOR REHEARING OR,
ALTERNATIVELY, CLARIFICATION OF ORDER DENYING
PETITIONERS' AMENDED MOTION FOR ATTORNEY'S FEES

SILBERMAN, Judge.

Upon consideration of Petitioners' Motion for Rehearing or, Alternatively, Clarification of Order Denying Petitioners' Amended Motion for Attorney's Fees filed by Wayne and Susan Allen and the response filed by State Farm Florida Insurance Company to that motion for rehearing, we grant the Allens' motion to the following extent. We vacate our previous order of June 10, 2016, that denies the Allens' amended motion for appellate attorney's fees and enter this order that conditionally grants appellate attorney's fees to the Allens as explained below.

This court granted certiorari relief to the Allens in Allen v. State Farm Florida Insurance Co., 41 Fla. L. Weekly D1389 (Fla. 2d DCA June 10, 2016). The Allens sought appellate attorney's fees conditioned upon their prevailing in the trial court on remand on the basis of section 627.428(1), Florida Statutes (2010). Section 627.428(1) provides as follows:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

(Emphasis added.) State Farm contended that the Allens were not entitled to a provisional grant of fees because the proceeding was not an appeal but a petition for writ of certiorari, relying upon Grider-Garcia v. State Farm Mutual Automobile, 14 So. 3d 1120 (Fla. 5th DCA 2009). In Grider-Garcia, the Fifth District determined that an appellate court was unauthorized to grant fees under section 627.428(1) when the

insured was not the prevailing party before the appellate court.  Id. at 1122.  In doing so, the Fifth District stated as follows:

> Given the courts' narrow interpretation of the language of section 627.428, it appears that this Court is not authorized to grant fees to an insured who does not succeed in his or her application for *certiorari*.  Indeed, it is doubtful that an insured would even be entitled to fees for a *certiorari* proceeding in which it prevails based on the interpretation of the statute that appellate courts are authorized to award fees only for an appeal that the insured wins.

Id. (emphasis added).  State Farm readily concedes that the emphasized language above is dicta, but asserts that we should rely upon it, along with the general proposition that section 627.428(1) is to be strictly construed.  See Brass & Singer, P.A. v. United Auto. Ins. Co., 944 So. 2d 252, 254 (Fla. 2006) (determining that "under the plain language of section 627.428(1), an appellate court may not award attorney's fees to an insured unless the insured prevails on appeal").

Rather than rely on the dicta in Grider-Garcia, we follow the explicit holding of the Florida Supreme Court in Home Insurance Co. v. Drescher, 220 So. 2d 902, 903 (Fla. 1969).[1]  There, the court considered the predecessor of section 627.428, section 627.0127, which had been amended in 1967 to add the language at issue here providing for fees to an insured who prevails on appeal.  See id. (citing ch. 67-400, Laws of Fla.).  Our supreme court clearly stated, "[W]e hold that attorneys' fees may be awarded under the amended statute for services in the appellate court, whether on direct appeal or in certiorari proceedings, in all cases where the notice of appeal is filed

---

[1]And, of course, it has long been recognized that a district court's decision cannot overrule a decision by the Florida Supreme Court.  See Hoffman v. Jones, 280 So. 2d 431, 440 (Fla. 1973).

subsequent to July 27, 1967." Id. The Florida Supreme Court has continued to approve fee awards under section 627.428(1) in certiorari proceedings. See Advanced Chiropractic & Rehab. Ctr., Corp. v. United Auto. Ins. Co., 140 So. 3d 529, 536-37 (Fla. 2014) (holding that a motion for attorney's fees pursuant to section 627.428(1) that was filed six days after the appellate court granted certiorari relief was timely and remanding for a determination of the amount of attorney's fees to which the insured was entitled).

To allow fees in the appellate court whether the proceeding is a direct appeal or a petition for writ of certiorari also comports with the purpose of the statute. "[T]he purpose of section 627.428 is to discourage insurers from contesting valid claims and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their policy rights." Liberty Nat'l Life Ins. Co. v. Bailey ex rel. Bailey, 944 So. 2d 1028, 1030 (Fla. 2d DCA 2006); see also Pawtucket Mut. Ins. Co. v. Manganelli, 3 So. 3d 421, 423 (Fla. 4th DCA 2009) (recognizing that the purpose of section 627.428 is to penalize an insurer for wrongfully requiring its insured to litigate to resolve a conflict). If the purpose of the statute is to be achieved, it is illogical to grant fees to a successful insured who files a direct appeal but to deny fees to a successful insured who files a certiorari petition.

Therefore, we vacate our prior order of June 10, 2016, that denies attorney's fees. We grant the Allens' amended motion for attorney's fees in an amount to be set by the trial court, conditioned upon the Allens ultimately prevailing in the trial court.

LaROSE and LUCAS, JJ., Concur.

- 4 -