647 So.2d 965 (1994)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Gustavo DE LA FE, Appellee.
Nos. 94-121, 94-175.
District Court of Appeal of Florida, Third District.
December 7, 1994.
Dean A. Mitchell, for appellant.
Ellen G. Lyons and Barbara Green, for appellee.
Before BARKDULL, LEVY and GREEN, JJ.
BARKDULL, Judge.
Appellant, Allstate Insurance Co., seeks review of an award of attorney's fees.
Appellee, Gustavo De La Fe, filed a claim with Allstate following an automobile accident. Allstate denied coverage. In turn, De La Fe filed a complaint against Allstate seeking (1) a declaratory judgment regarding his benefits and attorney's fees and (2) damages for breach of contract. The trial judge dismissed De La Fe's amended complaint with prejudice. De La Fe appealed to this court. Prior to filing an answer brief, Allstate confessed error to the dismissal. This court accepted the confession of error and issued its opinion reversing the final order of dismissal. De La Fe v. Allstate Ins. Co., 600 So.2d 576 (Fla. 3d DCA 1992). De La Fe filed a motion for appellate attorney's fees which was granted by this court. In its order, this court stated that the "motion is granted and remanded to the trial court to fix amount." On remand, before a resolution of the case on the merits, the trial court awarded appellate attorney's fees to De La *966 Fe. Allstate now appeals the trial court's order awarding fees.
Appellant urges that the trial judge exceeded his authority by awarding attorney's fees where this court's order merely directed the lower court to "fix" the amount of attorney's fees. Sections 627.428 and 59.46, Florida Statutes (1991), allow the award of attorney's fees to the prevailing insured only where "recovery is had." The issues previously before this court were procedural and did not involve the merits of the case. Thus, the trial court erred by awarding attorney's fees prior to deciding the case on its merits.
We agree and recognize that our prior order, in the earlier case granting the motion for appellate fees, should have been conditioned upon the insured ultimately prevailing with a recovery on the policy. See § 627.428, Fla. Stat. (1991); State Farm Mut. Auto. Ins. v. Cedolia, 571 So.2d 1386 (Fla. 4th DCA 1990); Segelstrom v. Blue Shield of Florida, Inc., 233 So.2d 645 (Fla. 2d DCA 1970); compare Key v. Angrand, 638 So.2d 628 (Fla. 3d DCA 1994).
The order under review is reversed as to enforcement until such time as the plaintiff ultimately prevails, but the amount awarded is affirmed.
Reversed in part, affirmed in part.