975 So.2d 1281 (2008)
LIGGETT GROUP, INC., Appellant,
v.
Beverly DAVIS, Appellee.
No. 4D05-1635.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
Kelly A. Luther of Clarke, Silverglate, Campbell, Williams & Montgomery, Miami, and Alvin B. Davis, and Denise B. Crockett of Squire, Sanders & Dempsey L.L.P., Miami, for appellant.
John Venable of Venable & Venable, P.A., Brooksville, and Angel M. Reyes and Daniel F. O'Shea of Reyes & O'Shea, P.A., Miami, for appellee.
*1283 MAY, J.
The defendant appeals a $752,238.75 attorney's fees award entered after it rejected the plaintiffs' proposal for settlement. The defendant argues the court erred in preventing it from pursuing discovery concerning: (1) the "good faith" nature of the plaintiffs' proposal for settlement; and (2) certain time spent by plaintiffs' counsel in litigating the case. It also argues the court erred in failing to consider "all" relevant criteria in determining the fee award. We agree with the defendant's argument in part. We reverse and remand the case for proceedings consistent with this opinion.
The plaintiffs filed suit for damages sustained from smoking cigarettes. The complaint alleged claims for fraud, fraudulent inducement, negligent failure to warn, negligent design defect, strict liability failure to warn, strict liability design defect, and for loss of support and consortium for the husband. The day after the plaintiffs retained the law firm, their lawyer wrote to them regarding a proposal for settlement. The letter stated:
Obviously we want to make an offer which we believe we could exceed by at least 25% at trial. However, we also must make an offer that we would be comfortable accepting should the defendant decide to accept our offer. We have agreed to make an Offer of Judgment in the amount of $425,000 to [the defendant]. Of this $425,000, $350,000 would be allocated to [the wife's] claim and $75,000 to the [husband's loss of consortium] claim. . . .
On January 10, 2003, 91 days after they filed the complaint, the plaintiffs offered $425,000 "to settle and completely resolve all claims being made by the Plaintiffs . . . as to Defendant, only, including but not limited to any potential future claims for wrongful death and/or survival damages by the estate and any lawful survivor." The defendant rejected the proposal.
Ultimately, the jury found the defendant negligent for continuing to manufacture cigarettes after learning of the health risks they posed, and for defectively designing the cigarettes. The jury found for the defendant on the other four theories of liability and denied the husband's loss of consortium claim. It awarded Beverly Davis $500,000 in damages for physical pain and suffering and $45,000 in past medical expenses.
The plaintiffs filed a motion for attorney's fees, pursuant to section 768.79, Florida Statutes (2002), and Florida Rule of Civil Procedure 1.442. In the affidavit filed in support of the motion, they requested $752,238.75 in attorney's fees.
The defendant filed a memorandum of law in opposition to the motion, arguing the motion was procedurally deficient and the proposal for settlement had not been made in good faith. It also claimed that if fees were awarded, they should be significantly less than the amount requested.
On October 22, 2004, the trial court held its first hearing on the issue of attorney's fees. The plaintiff claimed entitlement based upon the defendant's rejection of the proposal for settlement. The defendant argued the proposal had not been made in good faith.
When the court asked the basis for the defendant's claim of bad faith, the defendant responded that there had been insufficient time for the plaintiff to make a reasonable proposal when the proposal was suggested in a letter written the day after counsel had been retained. The defendant asked for the opportunity to take discovery on the issue, but that request was denied.
The trial court found the same letter actually evidenced good faith. It also noted *1284 the proposal had been filed ninety-one days after the complaint had been filed, in compliance with the statute and the rule. Therefore, it rejected the request for discovery because the defendant had not produced evidence of bad faith. The trial court found the plaintiff entitled to attorney's fees. The trial court then instructed the parties to meet and narrow the issues on the reasonableness of the fees requested.
On November 18, 2004, the defendant sent the following letter to the plaintiffs.
This is to confirm that [the defendant] will not contest the hourly rates or the total number of hours set forth in Exhibit F to your September 15, 2004 affidavit in support of your motion for attorney fees in this action; however, [the defendant] reserves the right to contest, seek reductions and/or object to the requested fee award for all remaining issues, including, without limitation, the following: (a) your entitlement to a fee award; (b) the extent to which the amount sought is in excess of the attorneys' fees and costs that plaintiffs would pay your firm under their retention agreement; (c) the results obtained; (d) the extent to which the amount sought includes work performed for other cigarette personal injury plaintiffs or any other matters; (e) the extent to which the amount sought includes work obtained by plaintiffs' counsel from other cigarette personal injury actions or any other matter, and/or lacks novelty or complexity; and (f) that the fees attributable to Mr. Venable should be stricken because there was no valid pre-judgment contingency fee agreement between Mr. Venable and plaintiffs.
The trial court held a second hearing on attorney's fees on January 14, 2005. The defendant admitted that it had stipulated to the hourly rate and the total number of hours expended, but argued that it still contested specific items outlined in its letter and requested the court to reduce the amount based upon criteria outlined in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Both plaintiffs' counsel and the court maintained that only the criteria set out in Florida Rule of Civil Procedure 1.442(h)(2) were to be considered, pursuant to Sarkis v. Allstate Insurance Co., 863 So.2d 210 (Fla. 2003). The court then made specific findings and awarded the plaintiffs $752,238.75 in attorney's fees.
The defendant continues to maintain the trial court erred in awarding attorney's fees because the plaintiffs' proposal for settlement was not made in good faith. It also argues that the proposal failed to strictly comply with the requirements of the statute and rule. Specifically, the defendant argues the proposal was unclear how and when the lawsuit would actually be dismissed, and failed to state "whether attorneys' fees are part of the legal claim" as required by the rule.
Rule 1.442 of the Florida Rules of Civil Procedure governs proposals for settlement. "The standard of review in determining whether an offer of settlement comports with rule 1.442 and section 768.79 is de novo, because a proposal for settlement is in the nature of a contract." Hall v. Lexington Ins. Co., 895 So.2d 1161, 1165 (Fla. 4th DCA 2005). Here, the proposal for settlement stated that it would "settle and completely resolve all claims" being made by the plaintiffs against the defendant. It also provided that the proposal was inclusive of all claims for attorney's fees and costs. In short, it was sufficient to comply with the rule.
The defendant next suggests the plaintiffs' proposal for settlement was not made in good faith because the law firm had little or no information upon which to base *1285 the proposal, and made similar proposals in other tobacco cases against the defendant. It also suggests the trial court erred in relying only on the timeliness of the proposal in determining the existence of good faith. According to the defendant, the court should have analyzed whether the proposal was case specific, bore a reasoned relationship to the amount of the plaintiffs' potential damages, and was based on a realistic assessment of the risk of liability. We disagree.
Florida Rule of Civil Procedure 1.442(h)(1) allows a trial court to disallow fees and costs if a proposal is not made in good faith. The offeree bears the burden of proving the offeror's proposal was not made in good faith. Levine v. Harris, 791 So.2d 1175, 1178 (Fla. 4th DCA 2001).
A mere belief that the figure offered or demanded will not be accepted does not necessarily suggest an absence of good faith, where the offeror fully intends to conclude a settlement if the offer is accepted as made, and the amount of the offer is not so widely inconsistent with the known facts of the case as to suggest on its face the sole purpose of creating a right to fees if it is not accepted.
Id. at 1178. Determining good faith requires the court to decide "whether the offeror had a reasonable foundation upon which to make the offer." Hall, 895 So.2d at 1166. We review trial court decisions on such issues for an abuse of discretion. Id.
Here, the trial court asked the defendant for evidence of its suggestion that the proposal had not been made in good faith. The defendant relied solely on the timing of the letter to suggest the timely proposal was not made in good faith. That suggestion in and of itself was insufficient proof to warrant further discovery on the issue of good faith.
Further, the defendant fails to appreciate that the actual proposal complied with the rules of civil procedure. The plaintiffs' law firm already had the plaintiffs' smoking history, medical treatment, employment history, and diagnosis by the time the actual proposal was made. The proposal bore a figure close to that awarded by the jury, and was made by a firm experienced in this precise type of liability litigation. We find no error in the trial court's ruling on the issue of good faith. This is not to say that in another case, discovery may be warranted if the defendant produces evidence beyond that produced here that a proposal of settlement was not made in good faith.
The defendant next argues the attorney's fees award is unreasonable because the trial court failed to consider criteria in addition to those listed in rule 1.442, supporting a reduction in the lodestar amount. Those criteria included: (1) the results obtained (2) the time attributable to work on other similar cases, (2) the lack of novelty and complexity, (3) the vast difference between the fees requested and those to which the plaintiffs agreed in the retention agreement, and (4) the absence of a valid pre-judgment fee agreement between the plaintiffs and a consulting attorney. The defendant maintains that consideration of these additional criteria would have resulted in the reduction of the fees awarded.
The plaintiffs' response is threefold. First, the defendant stipulated to the reasonableness of the hourly rate and time expended in the letter of November 18, 2004, thereby waiving these additional criteria. Second, Sarkis, restricts the trial court to consideration of only those criteria set forth in rule 1.442. 863 So.2d at 218. And last, none of the additional criteria warranted a reduction in the award of attorney's fees.
*1286 We find the defendant's argument on this aspect of the attorney's fees award compelling.
Did the defendant stipulate to the total number of hours as reasonable? In the November 18, 2004 letter, the defendant agreed it would "not contest the hourly rates or the total number of hours set forth." However, the defendant also reserved the right to contest or seek a reduction of attorney fees due to other specific criteria, in essence the reasonableness of the attorney's fees.
A review of the transcript from the second hearing reveals much discussion about what the stipulation meant. In the end, defense counsel indicated it would not withdraw its stipulation, but that it did not waive consideration of the criteria identified in the letter. In our view, the letter said what it meant and meant what it said, nothing more, nothing less. The defendant reserved the right to contest certain issues. The question then becomes whether those issues are criteria for the court's consideration in awarding fees.
Sarkis points out that section 768.79, Florida Statutes (2002), authorizes an award of attorney's fees as a sanction against a party who rejects a reasonable offer. Id. at 222. As to the reasonableness of the attorney's fees award,
the court shall consider, along with all other relevant criteria, the following factors:
(A) The then-apparent merit or lack of merit in the claim.
(B) The number and nature of proposals made by the parties.
(C) The closeness of questions of fact and law at issue.
(D) Whether the party making the proposal had unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal.
(E) Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
(F) The amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged.
Fla. R. Civ. P. 1.442(h)(2). (emphasis added).
The trial court read Sarkis to limit the criteria to be considered in awarding attorney's fees under section 768.79 to those contained in rule 1.442. We do not find Sarkis to be as restrictive. First, the rule itself contemplates "other relevant criteria." And, our supreme court acknowledged that a reasonable hourly rate and reasonable number of hours is to be considered, criteria not listed in rule 1.442. We read Sarkis to hold that a contingency risk multiplier is not applicable to an award of fees under 768.79, and not to eliminate consideration of "other relevant criteria."
Of the criteria reserved for consideration by the defendant, only the novelty and complexity of the litigation seem to be addressed by rule 1.442(h)(2). This leaves open for consideration whether the time was spent on the present case or on other related cases, whether the results obtained warrant the fee requested, and whether specific time attributable to a lawyer outside the retained law firm should be included.
Because the trial court appears to have limited its consideration to factors A-F of rule 1.442, we reverse and remand the case to the trial court for consideration of the other relevant criteria argued by the defendant. This may require discovery limited to those criteria; it may not. In either event, the trial court must consider *1287 the evidence and argument supporting the "other relevant criteria" in determining a reasonable fee.[1]
Affirmed in part and reversed in part.
STEVENSON and DAMOORGIAN, JJ., concur.
Judge DAMOORGIAN did not participate in oral argument, but has had the opportunity to review the entire proceedings.
NOTES
[1] The defendant also argues the trial court failed to hold the requisite evidentiary hearings on entitlement and reasonableness of the attorney's fees requested. Because the defendant stipulated to the total number of hours expended and a reasonable hourly rate, all that remains is the trial court's consideration of the criteria disputed by the defendant.