ROTHENBERG, J.
 

 Eucenda Segundo (“the defendant”) appeals from the trial court’s orders awarding attorney’s fees to Cedric Reid (“the plaintiff’), pursuant to the demand for judgment statute, section 768.79, Florida Statutes (2005), and the proposal for settlement rule, Florida Rule of Civil Procedure 1.442. We reverse.
 

 On March 30, 2003, the defendant failed to stop at a stop sign and collided with the plaintiffs vehicle, striking the driver’s side of the vehicle. On the following day, the plaintiff sought treatment from a chiropractor. Although the plaintiff complained of shoulder, neck, and back pain, the chiropractor provided treatment only for the plaintiffs neck and back.
 
 [1]
 

 In August 2004, the plaintiff filed an auto negligence action against the defendant, and the discovery process began. The defendant admitted liability, and therefore, the case centered on the plaintiffs damages, with the plaintiff alleging injuries to his neck and back. On May 29, 2003, approximately two months after the accident, the plaintiff was treated at Parkway Regional Medical Center’s emergency room for a shoulder dislocation. The medical center’s records state that the dislocation followed a slip and fall.
 
 [2]
 
 During discovery, the plaintiff did not refer to the slip and fall, the shoulder dislocation, or his treatment at Parkway Regional.
 

 On November 29, 2005, while the plaintiffs alleged damages continued to relate solely to his neck and back injuries, the plaintiff served a proposal for settle
 
 *935
 
 ment/demand for judgment (“proposal for settlement”) pursuant to rule 1.442 and section 768.79, offering to settle the action for $10,000, inclusive of costs and attorney’s fees. The defendant rejected the proposal for settlement, and countered with a $1,500 offer, which was, in turn, rejected by the plaintiff.
 

 On May 15, 2006, the plaintiffs attorneys moved for a continuance of the trial date to determine whether the plaintiffs shoulder dislocations were causally related to the 2003 automobile accident. The trial court granted the continuance, and in July 2006, the plaintiffs physician issued a report, opining that the 2003 automobile accident either caused the initial dislocation or “weakened his shoulder to the extent that it became susceptible to dislocation,” and recommending that the plaintiff “undergo painful and expensive shoulder surgery” to avoid future shoulder dislocations. Based on the physician’s report, the shoulder injury was added to the claimed damages.
 
 [3]
 

 In a letter dated August 17, 2006, the plaintiffs attorneys outlined the plaintiffs shoulder injury, and asked the defense to tender the policy limits of $10,000. The letter did not state that it was a settlement proposal nor reference rule 1.442 or section 768.79, and the plaintiff concedes that this letter does not constitute a proposal for settlement.
 

 The matter proceeded to trial, and the jury heard evidence as to the plaintiffs alleged injuries and damages. During closing argument, counsel for the plaintiff argued that as a result of the alleged herniated disc, the plaintiff suffered “off and on” pain and that “not much can be done for a herniated disc.” He stated that the plaintiff was not seeking future medical expenses regarding his back and neck injuries. The plaintiffs attorney asked the jury to award the plaintiff $13,755 in past medical expenses and $25,000 in future medical expenses for the recommended shoulder surgery. The jury awarded the plaintiff the $13,755 the plaintiff requested for past medical expenses, $5,000 for future medical expenses, zero for past pain and suffering, and $5,000 for future pain and suffering. Thereafter, the trial court entered a final judgment in favor of the plaintiff for $13,775, after applying a $10,000 personal injury protection setoff.
 

 The plaintiff filed a motion for attorney’s fees and costs under section 768.79 and rule 1.442, based on the defendant’s failure to accept the plaintiffs proposal for settlement dated November 29, 2005. In response, the defendant argued that the proposal for settlement was not made in good faith because the plaintiff did not disclose or put the defendant on notice that the plaintiff had an alleged shoulder injury or that he would seek damages relating to a shoulder injury prior to the expiration of the proposal for settlement. Additionally, the defendant argued that attorney’s fees and costs should not be awarded because the plaintiff did not furnish her with sufficient information to allow her to properly evaluate the proposal for settlement. Following a hearing on the plaintiffs motion for attorney’s fees and costs, the defendant
 
 *936
 
 filed a supplemental response, stating that although she was not abandoning her argument that the plaintiff should not be awarded any attorney’s fees, if fees were awarded, pursuant to section 768.79(7)(b), the only reasonable hours that the plaintiff could claim are those from the date of the proposal for settlement to the last billing date before the claim for the shoulder dislocations was made (8.4 hours for a total of $1,710). The trial court granted the plaintiffs motion for attorney’s fees, and entered an order awarding attorney’s fees to the plaintiffs counsel in the amount of $29,023.
 
 [4]
 
 This appeal followed.
 

 Pursuant to section 768.79(1), if a plaintiff serves a demand for judgment which is not accepted by the defendant, the plaintiff is entitled to recover reasonable attorney’s fees and costs if the judgment he recovers is at least twenty-five percent greater than the offer. Section 768.79(1) provides in pertinent part:
 

 If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand.
 

 Thus, section 768.79(1) serves as a sanction for an unreasonable rejection of a good faith offer of settlement.
 
 See Brower-Eger v. Noon,
 
 994 So.2d 1239, 1241 (Fla. 4th DCA 2008) (noting that section 768.79 “authorizes an award of attorney’s fees as a sanction against a party who unreasonably rejects a reasonable offer made in good faith”).
 

 In the instant case, the defendant acknowledges that the plaintiffs judgment was at least twenty-five percent greater than the proposal for settlement. . The defendant, however, contends that: (1) pursuant to section 768.79(7)(a), the trial court abused its discretion by failing to disallow the award of attorney’s fees as the proposal for settlement was not made in good faith, or (2) the trial court abused its discretion by awarding attorney’s fees or by failing to significantly reduce the amount of attorney’s fees requested by the plaintiff, as the fees requested were not reasonable based on the criteria set forth in section 768.79(7)(b) and the particular facts of this case. Section 768.79(7) provides in pertinent part as follows:
 

 (7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine than an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.
 

 (b) When determining the reasonableness of an award of attorney’s fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors[.]
 

 Rule 1.442(h)(1) and (h)(2) contain similar provisions.
 

 Although we conclude that the November 2005 proposal for settlement was made in good faith based upon what the plaintiff believed his injuries and damages were at the time, we nonetheless conclude that pursuant to section 768.79(7)(b), the trial court abused its discretion by not completely disallowing an award of attorney’s fees as that would be the only reasonable award under the circumstances of this case.
 

 “The offeree bears the burden of proving the offeror’s proposal was not
 
 *937
 
 made in good faith.”
 
 Liggett Group, Inc. v. Davis,
 
 975 So.2d 1281, 1285 (Fla. 4th DCA 2008). In determining whether the offer was made in good faith, the trial court must determine “whether the offeror had a reasonable foundation upon which to make the offer.”
 
 Id.
 
 (quoting
 
 Hall v. Lexington Ins. Co.,
 
 895 So.2d 1161, 1166 (Fla. 4th DCA 2005));
 
 see Gurney v. State Faim Mut. Auto. Ins. Co.,
 
 889 So.2d 97, 99 (Fla. 5th DCA 2004) (holding that the “good faith inquiry requires a trial court to review the facts and circumstances known to the offeror at the time it made the offer”);
 
 Fox v. McCaw Cellular Commc’ns of Fla., Inc.,
 
 745 So.2d 330, 333 (Fla. 4th DCA 1998) (“Whether an offer was made in bad faith involves a matter of discretion reposed in the trial judge to be determined from the facts and circumstances surrounding the offer.”).
 

 The circumstances surrounding the instant case are unusual. In November 2005, when the plaintiff submitted his proposal for settlement, the plaintiff and his attorneys were only seeking damages for injuries to his neck and back, including a herniated disc.
 
 [5]
 
 Prior to making the proposal, the plaintiff obtained a medical opinion confirming that he had a herniated disc. When the proposal for settlement was submitted, the plaintiff did not believe that the dislocations of his shoulder were causally related to the 2003 automobile accident. Based on the information known to the plaintiff at the time when the proposal for settlement was made, the plaintiff offered to settle the claim for $10,000, which clearly was not premised, in any way, upon his alleged shoulder injury. Upon receiving the plaintiffs proposal, the defendant examined the proposal, and based on the facts known to her, including a medical opinion that the plaintiff did not have a herniated disc and that the plaintiff was alleging injuries only to his neck and back, rejected the offer, and countered with a $1,500 offer. It was not until May 2006, that the plaintiffs attorneys questioned whether the plaintiffs two shoulder dislocations were causally related to the 2003 automobile accident. Thus, when the proposal for settlement was submitted, both the defendant and plaintiff believed that the plaintiff would be seeking damages only for his alleged back and neck injuries, and each evaluated the merits of the plaintiffs proposal for settlement on the merits of those claimed injuries.
 

 When the plaintiff submitted his proposal for settlement, he had a reasonable foundation upon which to make the offer — a medical opinion that he had a herniated disc which was caused by the automobile accident. Thus, the trial court correctly determined that the proposal for settlement was made in good faith, and the trial court did not abuse its discretion by denying the defendant’s motion to disallow the attorney’s fee award on the basis that the proposal for settlement was not a good faith offer.
 
 [6]
 

 
 *938
 
 Next, we address the defendant’s alternative argument that, based on section 768.79(7)(b), the trial court abused its discretion by not disallowing or, at the very least, significantly reducing the amount of attorney’s fees requested by the plaintiff, as the amount requested was unreasonable under the circumstances. Based on the record before us, including a review of the jury’s verdict, we conclude that the trial court did abuse its discretion by not completely disallowing the award of attorney’s fees under the circumstances of this case.
 

 In determining the reasonableness of an attorney’s fees award under section 768.79(7)(b), the trial court is required to consider not only the specific factors set forth in subsection (7)(b), but “all other relevant criteria.” § 768.79(7)(b). Rule 1.442(h)(2) contains a similar provision.
 

 Although we disagree with the defendant that any of the listed factors contained in section 768.79(7)(b) apply, we agree with the defendant that the trial court should have considered the actual damages awarded by the jury and the relationship between the award and the plaintiffs proposal for settlement under the “all other relevant criteria” provision contained in section 768.79(7)(b).
 

 The record demonstrates that prior to the proposal for settlement, counsel for the plaintiff did not provide the defendant with any information indicating that the plaintiff would be seeking damages for a shoulder injury. Based on the information provided to the defendant, she rejected the plaintiffs proposal for settlement. It was only after the proposal was reje.cted that the plaintiffs physician diagnosed the plaintiff with a severe shoulder injury, and the plaintiff amended his claim for damages.
 

 A review of the jury’s verdict demonstrates that if the damages awarded to the plaintiff for the shoulder injury are not considered, the judgment recovered would not be at least twenty-five percent greater than the offer, § 768.79(1), and the plaintiff would not be entitled to an award of attorney’s fees under section 768.79 or rule 1.442.
 
 [7]
 
 Thus, to require the defendant to pay attorney’s fees as a sanction for “unreasonably” rejecting the plaintiffs proposal for settlement would penalize the defendant for damages not pled nor proven until after the proposal for settlement was rejected and permit the plaintiff to benefit from the changing nature of his claim after the proposal for settlement expired.
 

 
 *939
 
 We therefore conclude that, due to the unique circumstances of this case, the trial court abused its discretion by failing to consider the reasonableness of an award of attorney’s fees and in awarding attorney’s fees to the plaintiff, based upon the plaintiffs November 29, 2005, proposal for settlement. Accordingly, we reverse the orders under review and remand for entry of an order consistent with this opinion.
 

 Reversed and remanded.
 

 [1]
 

 . The plaintiff filled out an “Automobile Accident History Form,” in which he reported that the defendant’s vehicle hit the driver’s side of his vehicle, "causing [his] arm to slip out of joint,” and that he was feeling pain on his shoulder and lower and upper back. The chiropractor's notes reflect that the plaintiff's shoulder area was swollen.
 

 [2]
 

 . The plaintiff subsequently claimed that this dislocation occurred as he was reaching underneath his bed. In 2005, the plaintiff suffered a second shoulder dislocation when he was turning over in his bed.
 

 [3]
 

 . Prior to May 15, 2006, the plaintiff was not seeking damages for a shoulder injury. At a subsequent hearing held on the defendant's motion to dismiss, the plaintiff's attorney stated:
 

 The interesting thing is, Judge, this is a very unusual case in the sense that when we were ready for trail [sic], I had not seen this case until a few days before trial, the entire thrust of the case was actually neck and back injuries because he had arguably a herniated disc and he was having pain going into his left arm. That is what all the doctors had talked about, I had not worked the case up.
 

 [4]
 

 . The trial court awarded costs to the plaintiff under the prevailing party statute, section 57.041, and the award of costs is not at issue in this appeal.
 

 [5]
 

 . The August 17, 2006 letter sent by the plaintiff’s attorneys to the defendant’s attorneys does not comply with section 768.79(2), which provides in pertinent part: "(2) ... An offer must: (a) Be in writing and state that it is being made pursuant to this section.” Moreover, rule 1.442(c)(1) provides: "A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.” Because the letter failed to comply with either section 768.79(2) or rule 1.442(c)(1), it does not qualify as a proposal for settlement.
 

 [6]
 

 . The record does not indicate that the plaintiff’s failure to seek damages for his alleged shoulder injuries from the onset of the litigation amounts to a "gotcha” tactic.
 
 Cf. Cent. Motor Co. v. Shaw,
 
 3 So.3d 367, 370 (Fla. 3d DCA 2009) (holding that allowing defendant whose offer of judgment was rejected to recover attorney’s fees pursuant to section 768.79 and rule 1.442 "would counter the
 
 *938
 
 intent of the statute and would amount to nothing more than a 'gotcha' tactic” where the defendant permitted his codefendant to settle the action for $10,000, in exchange for a dismissal with prejudice as to both defendants).
 

 [7]
 

 . The plaintiff was awarded $13,755 for past medical expenses pertaining to the back and neck injury, which was later reduced in the final judgment to $3755 due to the personal injury protection setoff. The $5000 awarded for future medical expenses was clearly for the shoulder injury as counsel for the plaintiff stated in closing argument that the plaintiff was not seeking future medical expenses for the neck and back injuries, but was seeking $25,000 for the recommended shoulder surgery. Finally, the juiy awarded the plaintiff nothing for past pain and suffering and $5000 for future pain and suffering. Based on the jury's award of future medical expenses and counsel for plaintiff's argument that die plaintiff has only suffered "off and on” neck and back pain that is “not terrible,” it would appear that a majority, if not all, of the future pain and suffering award was for the shoulder injury. However, even if we were to assume that the entire award of $5000 for future pain and suffering pertained to the neck and back injuries, the plaintiff's award for injury to his neck and back would total $8755, which is less than the plaintiff's proposal for settlement.