SUAREZ, J.
Suffolk Construction Company, Inc. (“Suffolk”), appeals final judgments entitling First Sealord Surety, Inc. (“Sea-lord”), to attorney’s fees. Because we do not find that a manifest injustice has been demonstrated sufficient to overcome the doctrine of law of the case, we affirm.
Suffolk was the plaintiff below and the general contractor on a construction project. Suffolk sued the plumbing contractor for breach of contract and sued the surety, First Sealord, under its- performance bond. A final judgment was entered on behalf of Suffolk against First Sealord. First Sealord appealed the final judgment. This Court reversed, see First Sealord Sur., Inc. v. Suffolk Constr. Co., 995 So.2d 609 (Fla. 3d DCA 2008), and granted First Sealord’s motion for entitlement to appellate attorney’s fees, directing the trial court to determine the amount. This Court denied Suffolk’s motion for rehearing. This Court’s mandate issued. The Florida Supreme Court denied Suffolk’s request for review and granted appellate attorney’s fees to First Sealord. See Suffolk Constr. Co. v. First Sealord Sur., Inc., 14 So.3d 243 (Fla.2009). On remand, the trial court determined the amount of appellate attorney’s fees in this Court and in the Supreme Court and awarded attorney’s fees totaling $277,195.69 to First Sealord. Suffolk now appeals the attorney’s fees final judgments questioning not the amount of the fees, but questioning, once again, the issue of entitlement.
When an appellate court has decided a question of law, the decision of the court becomes law of the case. This doctrine prevents reconsideration of all issues necessarily decided in the former appeal. See Goodman v. Olsen, 365 So.2d 393 (Fla. 3d DCA 1978). Absent manifest injustice, this Court is barred under the doctrine of law of the case by its prior ruling granting entitlement to attorney’s fees. See Brunner Enters. v. Dep’t of Revenue, 452 So.2d 550 (Fla.1984). This Court previously ruled on the issue of First Sealord’s entitlement to attorney’s fees. Suffolk filed a motion for rehearing of our order, which we denied. Suffolk now raises the same entitlement issues in this appeal. These issues have previously been addressed by this Court and have become law of the case. As such, these issues cannot again be addressed by this Court. The narrow exception to this rule is where there is a showing of manifest injustice, which occurs only where the merits have not been considered or where there has been an intervening decision by a higher court. See Brunner; Feder v. Feder, 41 So.3d 234 (Fla. 3d DCA 2009). The record does not contain any evidence of such manifest injustice.
As this Court cannot rehear the issue of entitlement to attorney’s fees contrary to its own mandate in the prior appeal, see Brunner, we affirm the judgments of the trial court on attorney’s fees.