ON MOTION FOR REHEARING GRANTED

ROTHENBERG, J.
The appellee, Simon Roofing and Sheet Metal Corp. (“Simon Roofing”), seeks rehearing of this Court’s opinion issued on March 20, 2013. Upon further review, we grant rehearing, withdraw our previous opinion, and substitute the following opinion in its place.
Florida Diversified Films, Inc. (“FDF”), which was the plaintiff below, appeals from the trial court’s order denying its motion for attorney’s fees based on its proposal for settlement, which the defendant below, Simon Roofing, did not accept. We affirm.
In prior consolidated appeals from this same underlying case, Simon Roofing appealed a final judgment entered in favor of FDF for $1,492,000 following a bench trial before Judge Victoria Platzer, and FDF cross-appealed the denial of its request for prejudgment interest (Case Nos. 3D10-2379 and 3D10-2455). This Court affirmed the final judgment in favor of FDF, but reversed the trial court’s denial of FDF’s request for prejudgment interest, and remanded with instructions to award prejudgment interest to FDF in a specific amount. Simon Roofing & Sheet Metal Corp. v. Fla. Diversified Films, Inc., 84 So.3d 1086 (Fla. 3d DCA 2012).
Thereafter, this Court addressed FDF’s motion for appellate attorney’s fees, in which FDF asserted it was entitled to an award of appellate attorney’s fees because the final judgment was at least twenty-five percent greater than the $370,000 proposal for settlement; the proposal for settlement complies with section 768.79, Florida Statutes (2007), and Florida Rule of Civil Procedure 1.442; the proposal for settlement was made in good faith; and Judge Jose M. Rodriguez had already ruled that FDF was entitled to recover attorney’s fees based on the proposal for settlement. Simon Roofing objected to FDF’s motion for appellate attorney’s fees, raising several arguments. On March 9, 2012, this Court granted FDF’s motion for appellate attorney’s fees and costs, and remanded “to the trial court to fix amount.”
However, prior to this Court issuing its opinion in the prior appeals and granting *242 FDF’s motion for appellate attorney’s fee, Judge Platzer agreed to rehear the issue of FDF’s entitlement to attorney’s fees. Following a hearing, Judge Platzer entered a “Final Order Denying Attorney’s Fees to Plaintiff, Florida Diversified Films, Inc.” While the prior appeals were still pending, FDF appealed Judge Plat-zer’s order denying FDF’s entitlement to attorney’s fees, which is the subject of the instant appeal.
In the instant appeal, FDF contends that Judge Platzer’s order denying FDF’s entitlement to attorney’s fees must be reversed pursuant to the law of the case doctrine. Specifically, FDF argues that this Court’s March 9, 2012 order in the prior appeals, which granted FDF’s motion for appellate attorney’s fees and remanded to the trial court to fix the amount, constitutes the “law of the case,” entitling FDF to an award of trial level attorney’s fees and costs. As we conclude that a manifest injustice has been demonstrated sufficient to overcome the law of the case doctrine, we conclude we are not bound in this separate appeal regarding entitlement to trial level attorney’s fees.
“Where successive appeals are taken in the same case ... the doctrine of the law of the case applies.” Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001). This doctrine “requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.” Id.; see also Suffolk Constr. Co. v. First Sealord Sur., Inc., 63 So.3d 18, 19 (Fla. 3d DCA 2011) (“When an appellate court has decided a question of law, the decision of the court becomes law of the case. This doctrine prevents reconsideration of all issues necessarily decided in the former appeal.”). However, the law of the case doctrine “provides that an appellate court has the power to reconsider and correct an erroneous ruling that has become the law of the case where a prior ruling would result in a ‘manifest injustice.’ ” Juliano, 801 So.2d at 106 (citing Strazzulla v. Hendrick, 177 So.2d 1, 5 (Fla.1965)); see also Spectrum Interiors, Inc. v. Exterior Walls, Inc., 65 So.3d 543, 545 n. 1 (Fla. 5th DCA 2011) (citing Juliano, 801 So.2d at 106; Strazzulla, 177 So.2d at 1) (“An appellate court does have the power to reconsider and correct an erroneous ruling if necessary to prevent a manifest injustice.”); Suffolk Constr. Co., 63 So.3d at 19; Tiede v. Satterfield, 870 So.2d 225, 229 (Fla. 2d DCA 2004) (“[T]o alter the law of the case, we must look to see if the ‘strict adherence to the rule would result in ‘manifest injustice.’ ”); Allstate Ins. Co. v. De La Fe, 647 So.2d 965, 965 (Fla. 3d DCA 1994).
In the prior appeals, this Court on March 9, 2012, granted FDF’s motion for appellate attorney’s fees and remanded to fix the amount. We recognize that, if Simon Roofing cannot demonstrate that strict adherence to that ruling would result in a “manifest injustice,” the law of the case doctrine is applicable, and this Court must reverse Judge Platzer’s ruling based solely on that doctrine. However, based on the unusual circumstances of this case, we conclude that to reverse Judge Plat-zer’s order denying FDF’s entitlement to trial level attorney’s fees would result in manifest injustice.
First, when this Court issued its March 9, 2009 order granting FDF’s motion for appellate attorney’s fees and remanding to fix the amount, FDF’s appeal of Judge Platzer’s order denying FDF’s entitlement to attorney’s fees was pending before this Court. At that time, this Court did not have the transcript of the hearing before Judge Platzer or the initial brief addressing the merits of Judge Platzer’s ruling. Thus, this Court’s March 9, 2012 order *243 granting FDF’s motion for appellate attorney’s fees should have been conditioned upon FDF ultimately prevailing in the instant appeal of Judge Platzer’s order denying FDF’s entitlement to attorney’s fees. See De La Fe, 647 So.2d at 965.
Second, we conclude that Judge Platzer did not abuse her discretion by determining that FDF is not entitled to attorney’s fees based on its proposal for settlement. Therefore, if we reversed Judge Platzer’s order based solely on the law of the case doctrine, manifest injustice would occur as Simon Roofing wrongfully would be required to pay trial level attorney’s fees in the amount of $770,000 to FDF.
In ruling on whether FDF was entitled to attorney’s fees based on its proposal for settlement, Judge Platzer made the following findings of fact, which are supported by competent substantial evidence.
5. On October 30, 2006, Plaintiff, [FDF] filed a complaint against Simon Roofing alleging negligence during a roof repair.
6. The Complaint alleges that as a result of Simon Roofing’s negligence, FDF’s machines would probably need to be re-cleaned and its other business losses have been exacerbated.
7. FDF sought compensatory, incidental, and consequential damages in the Complaint.
8. On April 6, 2007, Plaintiff served a proposal for settlement in the amount of Three Hundred Seventy Thousand Dollars ($370,000.00). As of that date, Plaintiff had not produced any documents nor responded to any discovery from the defendants. No depositions had been taken.
[[Image here]]
10.The proposal for settlement was rejected by Simon Roofing.
11. Approximately one month prior to serving the proposal for settlement, FDF made the decision to discontinue operations. However, FDF remained in business until approximately June 2007. Simon Roofing first learned that FDF was alleging damages related to the destruction of FDF’s business in September 2007 when FDF served discovery responses.
12. FDF admitted at [a] hearing on January 13, 2012, that no written or verbal notice of FDF’s intent to discontinue operations was provided to Simon Roofing prior to the expiration of the proposal for settlement on May 21, 2007.
13. During trial on May 11, 2010, FDF filed an Amended Complaint.
14. The Amended Complaint alleged that the “failure of FDF’s equipment ultimately resulted in the production of defective product by FDF and the subsequent loss of FDF’s customers, forcing FDF to sell its equipment, shutdown its manufacturing operations and move out of the premises.”
15. The Amended Complaint sought damages, in part, for lost business valuation or alternatively lost profits....
16. On August 6, 2010, this Court entered a final judgment against Simon Roofing for $1,492,000.00.
17. The Final Judgment included destruction of business damages.
18. Absent damages associated with destruction of business damages, FDF’s proposal for settlement would not have reached the 125% threshold required for entitlement to fees.
Based on these facts, Judge Platzer denied FDF’s entitlement to attorney’s fees, relying on this Court’s decision in Segundo v. Reid, 20 So.3d 933 (Fla. 3d DCA 2009). In Segundo, the plaintiff, Cedric Reid, filed a negligence action in August 2004, for injuries he sustained on March 30, 2003, *244 when the defendant, Eucenda Segundo, failed to stop at a stop sign and collided with the plaintiffs vehicle. Id. at 934. The day after the accident, the plaintiff sought treatment from a chiropractor, complaining of shoulder, back, and neck pain. The plaintiffs “Automobile Accident History Form” reflects that the accident caused the plaintiffs “arm to slip out of joint,” and that he was experiencing shoulder pain in addition to lower and upper back pain. Id. at 934 n. 1. The chiropractor, however, treated the plaintiff only for back and neck pain. Id.
Approximately two months after the automobile accident, the plaintiff was treated for a shoulder dislocation following a slip and fall accident. Id. at 934. In 2005, the plaintiff suffered from a second shoulder dislocation as he was turning over in his bed. Id. at 934 n. 2.
As the defendant admitted liability, discovery related primarily to the plaintiffs damages. During discovery, the plaintiff did not refer to his shoulder injury, his slip and fall, or his treatment for any shoulder injury. Id. at 934.
On November 29, 2005, at a time when the plaintiff was claiming damages for injuries only to his back and neck, he served a proposal for settlement on the defendant, pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79 of the Florida Statutes, offering to settle the negligence action for $10,000. Id. at 934-35. The defendant rejected the settlement proposal, and countered with a $1,500 offer, which the plaintiff rejected. Id. at 935.
On May 15, 2006, the plaintiffs attorney moved to continue the trial date to determine whether the shoulder dislocations were causally related to the March 2003 automobile accident. The trial court granted the continuance. Thereafter, in July 2006, the plaintiffs physician issued a report, opining that the March 2003 automobile accident either caused the initial shoulder dislocation or “weakened his shoulder to the extent that it became susceptible to dislocation,” and recommending shoulder surgery to prevent future dislocations. Id. at 935. Based on this report, the plaintiff amended his complaint to add the shoulder injury to his claimed damages. Id.
The action proceeded to trial before a jury. During closing argument, the plaintiffs counsel argued that the plaintiff had pain due to a herniated disc, but that “not much can be done for a herniated disc,” and that the plaintiff was not seeking future medical expenses for his back and neck injuries. Id. The plaintiffs counsel requested that the jury award $13,755 for past medical expenses and $25,000 for future medical expenses for the recommended shoulder surgery. The jury awarded $13,755 for past medical expenses, $5,000 for future medical expenses, zero for past pain and suffering, and $5,000 for future pain and suffering, and thereafter, the trial court entered final judgment in favor of the plaintiff for $13,755 after applying a $10,000 personal injury protection setoff. Id.
Following the entry of final judgment, the plaintiff moved for attorney’s fees pursuant his proposal for settlement served on November 29, 2005, which the defendant did not accept. Id. In response, the defendant argued that the proposal for settlement was not made in good faith because prior to the expiration of the proposal for settlement, the plaintiff did not put the defendant on notice that he would be seeking damages for an alleged injury to his shoulder or provide the defendant with sufficient information to evaluate the proposal for settlement. Id. The trial court granted the plaintiffs motion for attorney’s fees, awarding over $29,000. Id.
*245 On appeal, this Court reversed the award of attorney’s to the plaintiff, noting that “section 768.79(1) serves as a sanction for an unreasonable rejection of a good faith offer of settlement.” Id. at 936. In reversing, this Court held:
Although we conclude that the November 2005 proposal for settlement was made in good faith based upon what the plaintiff believed his injuries and damages were at the time, we nonetheless conclude that pursuant to section 768.79(7)(b), the trial court abused its discretion by not completely disallowing an award of attorney’s fees as that would be the only reasonable award under the circumstances of this case.

Id.

The facts in the instant case are similar to, but more compelling than, those in Segundo. In Segundo, when the plaintiff, Reid, served his proposal for settlement, he did not know that his shoulder dislocations were causally related to the automobile accident, and therefore, he believed that the requested damages in his proposal for settlement pertained only to his neck and back injury, not his shoulder injury.
In contrast, FDF’s initial complaint sought damages for its business income losses due to Simon Roofing’s negligence. However, by the time FDF served its proposal for settlement, it knew that it would be closing its business, and, therefore, also knew that it would be seeking damages for destruction of its business, not merely for its business losses. Despite this knowledge, FDF failed to inform or notify Simon Roofing as to the change in the nature of its claimed damages. Judge Platzer concluded that, because “FDF made no attempt to place Simon Roofing on notice of the destruction of business claim as it should have done in serving its proposal in good faith,” “there is no entitlement to attorneys’ fees in this matter.” In fact, it was during trial that FDF filed an amended complaint to add its claim for destruction of business damages, as those damages were not pled in the initial complaint, and FDF was seeking those damages at the bench trial that was in progress before Judge Platzer.
Based on these facts, we agree with Judge Platzer’s conclusion that “[sjimilar to the facts in [Segundo ], in this case it was not unreasonable for [Simon Roofing] to reject the proposal for settlement.” We also agree with Judge Platzer, who conducted the bench trial, that “[ajbsent damages associated with destruction of business damages, FDF’s proposal for settlement would not have reached the 125% threshold required for entitlement to fees” pursuant to section 768.79 or rule 1.442. Therefore, under these circumstances, Judge Platzer did not abuse her discretion by determining that FDF was not entitled to attorney’s fees because requiring Simon Roofing to “pay attorney’s fees as a sanction for ‘unreasonably’ rejecting [FDF’s] proposal for settlement would penalize [Simon Roofing] for damages not pled nor proven until after the proposal for settlement was rejected and permit [FDF] to benefit from the changing nature of [its] claim after the proposal for settlement expired.” Id. at 938.
Because we conclude that Judge Platzer did not abuse her discretion in denying FDF’s motion for attorney’s fees, and because to award FDF $770,000 for trial attorney’s fees would result in manifest injustice, we affirm Judge Platzer’s order denying FDF’s motion for trial level attorney’s fees.
Affirmed.