527 So.2d 917 (1988)
Judith D. KNEALE, Petitioner,
v.
JAY BEN INC., D/B/a Modernage Furniture, Inc., Respondent.
No. 88-642.
District Court of Appeal of Florida, Third District.
June 28, 1988.
*918 Malcolm Lewis Kneale, Miami, for petitioner.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Steven M. Goldsmith and Raquel A. Rodriguez, Miami, for respondent.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Ms. Kneale bought two chairs from Modernage Furniture which were on sale for $97.50 apiece. Because the store had oversold that particular chair, it failed to deliver the items to Ms. Kneale, although she had paid the full purchase price in cash. In the county court, where Ms. Kneale sued for the admitted breach of contract, the parties stipulated that the market price of the chairs was $147.57 each, or $50.07 more than the sales price. Nonetheless, the trial judge awarded only the return of the sales price, plus interest. The appellate division of the circuit court per curiam affirmed this conclusion.
It is an essential, indeed elementary, requirement of the law of contracts that the measure of damages for breach includes granting the innocent party the "benefit of the bargain," 17 Fla.Jur.2d Damages § 28 (1980), which, specifically in the case of the nondelivery of contracted for goods, involves the difference between the contract price and the market price. Hart v. Marbury, 82 Fla. 317, 90 So. 173 (1921); § 672.713(1), Fla. Stat. (1987). The failure of the circuit court to adhere to this basic rule[1] resulted in a miscarriage of justice which requires that the instant petition for certiorari be granted. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982); see Mitchell v. State, 516 So.2d 22 (Fla. 3d DCA 1987).
Accordingly, the decision of affirmance is quashed with directions to the circuit court to require the county court to award the additional sum of $100.14, plus interest and costs in all three courts.
Certiorari granted.
NOTES
[1] Modernage's response to the petition for certiorari here does not even seek to justify the decisions below under the applicable law. Instead, it seems to imply that the small amount involved does not justify our consideration of the case. We reject any such idea. There is nothing in the stated requirements for the invocation of our certiorari jurisdiction  or any other part of our duties  which turns on the amount involved. We do not feel put upon to be required to consider any case, however apparently insignificant, in which our jurisdiction, as here, has been properly invoked. Indeed, it is the defendant which, by insisting in three separate courts upon a position which is utterly devoid of merit, has caused whatever unnecessary expenditure of judicial resources this case involves.