NESBITT, Judge.
Michael and Mildred Tench brought an action to recover under a property insurance policy issued by the American Reliance Insurance Company for hurricane damage to their property, a duplex located in southwest Dade County. The Tenches’ amended complaint against American and agent, Ash-er Insurance Group, Inc., alleged that in May 1992, the Tenches requested Asher to obtain hazard insurance for the “as is” vacant duplex they had just purchased. Asher procured a homeowner’s policy through American and at closing the Tenches paid in advance for fourteen months of hazard insurance coverage on the property which was at the time in a state of disrepair, and uninhabitable. The homeowner’s policy was mailed to the Tenches’ personal residence. They reviewed it and confirmed that it covered their duplex.
When Hurricane Andrew caused extensive damage to the duplex, the Tenches notified Asher and submitted a claim for the loss. Only at that time were they told that because the premises were vacant the policy had been cancelled for “failure to meet underwriting requirements.” The Tenches’ complaint alleged that American and Asher had sent notices of cancellation only to the vacant insured duplex, not to the Tenches’ mailing address, notwithstanding the fact that the carrier and agent knew the Tenches did not occupy the insured premises and were aware of their correct mailing address, having mailed the policy to that address.
Six counts of the Tenches’ amended complaint were directed against American, including claims for negligent failure to provide the proper type of insurance coverage and to *802 give proper notice of cancellation, coverage by estoppel, reformation of contract, breach of contract in failing to honor the policy, declaration of the Tenches’ rights under the policy, and unfair and deceptive insurance trade practices.
American admitted that before it cancelled the policy, the carrier had conducted an inspection which showed that the property was vacant, in a state of disrepair and uninhabitable. American also admitted that while it sent its notice of cancellation to the address shown on the policy’s declarations page, that the notice had been returned, undelivered. American moved for summary judgment on the grounds: 1) that it had properly can-celled the policy effective July 18,1992, some five weeks before Hurricane Andrew, and 2) that Asher had acted outside the scope of its authority in issuing the homeowner’s policy. In support of that motion, American filed the affidavit of its regional manager, Kenneth Beyer. He stated that the Tenches’ policy had been cancelled in compliance with section 627.4133, Florida Statutes (1993) before the hurricane, that American would not have insured the duplex had it known it was uninhabited, and that Asher exceeded its authority in issuing the policy.
The trial judge held two hearings and thereafter issued summary judgment in the insurer’s favor. We reverse.
Section 627.4133 provides:
(2)(b) When such cancellation or termination occurs during the first 90 days during which the insurance is in force and the insurance is cancelled or terminated for reasons other than nonpayment of premium, at least 20 days’ written notice of cancellation or termination accompanied by the reason therefor shall be given except where there has been a material misrepresentation or failure to comply with the underwriting requirements established by the insurer.
Because company policy was not to issue casualty insurance for vacant homes, the carrier had a valid reason for cancellation. However, the independent agent, the intermediary between the insureds and insurer had nonetheless written and issued such a policy knowing the property was vacant and mailed the policy to the claimants at their correct mailing address. It is true that the policy contained an address to which the carrier was to have looked for issuing notice to the insured. However, since the cancellation was based upon the fact that the property was vacant as per the investigative real estate appraiser’s report which the carrier had when the letter was mailed, the carrier should have taken some further steps to give notification to the claimant when the letter was returned undelivered.
It makes no sense to consider as notice of cancellation, delivery at the address from which the letter was returned because the property was vacant. The carrier had the means of learning the correct address of the insured simply by calling the agent, which admittedly it did not do. Consequently, a realistic and common sense construction of the statute required the carrier, under these circumstances, to have taken further steps to attempt to communicate its cancellation to afford the insured 20 days in which to seek to secure insurance elsewhere.
On this analysis, the summary judgment granted in the carrier’s favor is reversed and the case remanded for further proceedings.
On Motion for Clarification
Appellee’s motion for clarification is granted solely to address appellee’s argument that the insureds in this case are not presently entitled to an award of attorney’s fees. We agree.
As in Allstate Ins. Co. v. De La Fe, 647 So.2d 965 (Fla. 3d DCA 1994), we agree and recognize that our prior order granting the motion for appellate fees, should have been conditioned upon the insured ultimately prevailing with a recovery on the policy. See § 627.428, Fla.Stat. (1991); State Farm Mut. Auto. Ins. Co. v. Cedolia, 571 So.2d 1386 (Fla. 4th DCA 1990); Segelstrom v. Blue Shield of Florida, Inc., 233 So.2d 645 (Fla. 2d DCA 1970); compare Key v. Angrand, 638 So.2d 628 (Fla. 3d DCA 1994).
Accordingly, the order awarding fees is reversed as to enforcement until such time as the plaintiffs ultimately prevail. In all other *803 respects, the previous opinion of this court is readopted.