901 So.2d 320 (2005)
William ARANGO, Petitioner,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 3D04-163.
District Court of Appeal of Florida, Third District.
May 4, 2005.
*321 Deehl & Carlson, P.A., and David L. Deehl, Miami, for petitioner.
Michael J. Neimand, Miami, for respondent.
Before COPE, WELLS and SHEPHERD, JJ.
SHEPHERD, J.
The petitioner seeks review of a final order of the circuit court appellate division denying his renewed motion for attorneys' fees. We have jurisdiction, Article 5, section 4(b)(3) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2)(b), and grant the writ.
William Arango, the petitioner, was the successful plaintiff in a personal injury protection action filed against his insurer, United Automobile Insurance Company, in Miami-Dade County Court. In January 2003 the county court awarded Arango attorneys' fees pursuant to section 627.428 of the Florida Statutes (2003). United Auto appealed the fee award to the circuit court appellate division. After United Auto failed to avail itself of numerous time extensions to file its initial brief and a final warning, see United Auto. Ins. Co. v. Total Rehab and Medical Ctr., 870 So.2d 866 (Fla. 3d DCA 2004), the court sua sponte dismissed the appeal for failure to timely file its brief. However, the circuit court appellate panel declined to award petitioner attorneys' fees on the ground that the petitioner did not prevail on the merits of the appeal. We quash the order denying petitioner's renewed motion for attorneys' fees.
Section 627.428 mandates that an insured be awarded attorneys' fees when he is the prevailing party on appeal in an action against his insurer. United Auto's appeal was perfected and section 627.428 became applicable when it filed its notice of appeal on January 17, 2003. We construe the prevailing party clause in the appellate fee portion of section 627.428, which mandates a fee award "in the event of an appeal in which the insured or beneficiary prevails" to include cases in which an insurer commences an appeal, but the appeal is then dismissed without a decision on the merits. We are guided to this *322 result by the Florida Supreme Court's opinion in Home Ins. Co. v. Drescher, 220 So.2d 902, 903 (Fla.1969). In that case, an insurer sought a writ of certiorari in the Florida Supreme Court to review a decision of this court adverse to the carrier on a question of insurance coverage. The Florida Supreme Court initially granted the petition, but later discharged the writ as being improvidently granted. Despite not reaching the merits of the petition, the Florida Supreme Court granted the respondent Drescher's application for attorneys fees filed under the predecessor to the current fee statute, which language insofar as pertinent here was identical, and awarded Drescher $750 for its fees incurred in the Florida Supreme Court. Similarly here, when the circuit court appellate division dismissed United Auto's appeal below, Arango became the prevailing party for purposes of section 627.428.
We conclude that as the prevailing party on appeal below, Arango is legally entitled to appellate attorneys' fees under section 627.428, notwithstanding the fact that there was no decision on the merits. By failing to grant the motion, the circuit court appellate division departed from the essential requirements of law. See Motter Roofing, Inc. v. Leibowitz, 833 So.2d 788 (Fla. 3d DCA 2002) (holding that the circuit court sitting in its appellate capacity departed from the essential requirements of law by denying petitioner's application for mandatory appellate attorneys fees under section 768.79(1) of the Florida Statutes).
Accordingly, we quash the order below and remand with directions that petitioner be awarded his appellate attorneys' fees in this case.