967 So.2d 243 (2007)
PROFESSIONAL MEDICAL GROUP, INC., a/a/o Javier Moises Villegas, Petitioner,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 3D07-1118.
District Court of Appeal of Florida, Third District.
August 29, 2007.
Jose R. Iglesia & Associates, Inc., and Mari Sampedro-Iglesia, for petitioner.
Michael J. Neimand, Miami, for respondent.
Before RAMIREZ, SHEPHERD, and CORTIÑAS, JJ.
RAMIREZ, J.
Professional Medical Group, Inc., petitions this Court for Writ of Certiorari concerning an order of the appellate division of the circuit court granting its motion to dismiss but denying an award of attorney's fees from the respondent, United Automobile Insurance Company. This Court finds that certiorari jurisdiction exists under Florida Rule of Appellate Procedure 9.030(b)(2)(B) and grants review of the circuit court's final order denying attorney's fees.
Professional Medical Group provided care to Javier Moises Villegas and was *244 assigned the interest of his insurance policy. Professional Medical Group sought personal injury protection benefits from United Automobile. After failed preliminary attempts to obtain a copy of the United Automobile's Personal Injury Protection (PIP) log, pursuant to section 627.736(6)(d), Florida Statutes (2006), Professional Medical Group filed a complaint for declaratory relief. United Automobile moved to dismiss and the trial court granted the motion.
On appeal, the Eleventh Circuit Appellate Division reversed the trial court's decision. While the Eleventh Circuit agreed that Florida law provides for a mandatory award of attorney's fees to the insured in any dispute which leads to judgment against the insurer, it ultimately denied Professional Medical Group's motion for attorney's fees. Professional Medical Group filed a motion for rehearing which the circuit court denied. This Petition for Writ of Certiorari follows.
First, we have jurisdiction to review the Eleventh Circuit's order. Pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B), the district courts of appeal may review any final order of circuit courts acting in their review capacity. Because this Petition for Writ of Certiorari concerns a final order of the Eleventh Circuit Court's Appellate Division, certiorari jurisdiction is thus met. The standard of review for such a review is narrow. See Brunsman v. Nat'l Rent-A-Fence Co., 612 So.2d 719 (Fla. 5th DCA 1993). Therefore, we are limited to determining "whether the circuit court denied the petitioner procedural due process or departed from the essential requirements of law to cause a miscarriage of justice." Stambaugh v. State, 891 So.2d 1136, 1138 (Fla. 4th DCA 2005).
We conclude that the Eleventh Circuit departed from the essential requirements of the law in its final order. Professional Medical Group correctly points out that for "an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." § 627.428(1), Fla. Stat. (2006); See Ivey v. Allstate Ins. Co., 774 So.2d 679, 684 (Fla.2000). However, the Eleventh Circuit failed to award attorney's fees to Professional Medical Group explaining only that "other issues still outstanding in this case preclude the award of the attorneys fees." As such, the Eleventh Circuit's decision departs from the mandatory requirement of the statute, and fails to support its finding with any corroborative authority. Fees should have been awarded conditioned upon the insured ultimately prevailing with a recovery on the policy. See Allstate Ins. Co. v. De La Fe, 647 So.2d 965 (Fla. 3d DCA 1994). We therefore grant the petition for writ of certiorari.