LAGOA, J.
Petitioner, Hollywood Injury Rehab Center (“Hollywood Center”), seeks a Writ of Certiorari to quash an order of the circuit court appellate division denying its motion for attorney’s fees.[1] Because we find that the circuit court sitting in its appellate capacity departed from the essential requirements of the law, we grant the petition and quash the order below.
Hollywood Center filed suit against the respondent, United Automobile Insurance Company (“United Auto”), for recovery of personal injury protection benefits. The county court entered summary judgment in Hollywood Center’s favor, and United Auto appealed. The circuit court sitting in its appellate capacity affirmed the trial court’s order. As the prevailing party, Hollywood Center, pursuant to section 627.428, Florida Statutes (2007), filed a motion for attorney’s fees. The circuit court appellate division, however, denied Hollywood Center’s motion for fees and this petition followed.
United Auto properly concedes that attorney’s fees should have been awarded to Hollywood Center as the prevailing party. “Section 627.428 mandates that an insured be awarded attorneys’ fees when he is the prevailing party on appeal in an action against his insurer.” Arango v. United Auto. Ins. Co., 901 So.2d 320, 321 (Fla. 3d *1222 DCA 2005). It is undisputed that Hollywood Center was the prevailing party on appeal in an action against its insurer. As such, Hollywood Center is entitled to appellate attorney’s fees pursuant to section 627.428. By failing to grant the motion, the circuit court appellate division departed from the essential requirements of the law. Id. at 322; Prof’l Med. Group, Inc. v. United Auto. Ins. Co., 967 So.2d 243, 244 (Fla. 3d DCA 2007).
Accordingly, we grant the petition, quash the order below, and remand with directions to grant Hollywood Center’s motion for attorney’s fees.

. We find that certiorari jurisdiction exists under Florida Rule of Appellate Procedure 9.030(b)(2)(B).