SCHWARTZ, Senior Judge.
Although the plaintiff mortgagee in this “routine” home foreclosure case clearly established its right to a default against the mortgagor, the trial court refused to enter one, giving only what must be called the spurious reason that the nonmilitary affidavit was in some unspecified (because non-existent) way “insufficient.” In fact and in law, the affidavit, which was in the universally accepted form, and was supported by evidence which clearly established that the defendant, who was personally served at his home in Miami-Dade County, was not in the military service, was legally impeccable. Since it is established and we repeat that the trial court is not free to refuse to follow the law because of some personal disinclination or otherwise, see Republic Federal Bank, N.A. v. Doyle, 19 So.3d 1053, 1054 (Fla. 3d DCA 2009), and that it is, therefore, mandatorily required to enter the default sought in this case, see Fla. R. Civ. P. 1.500(b); Comcoa, Inc. v. Coe, 587 So.2d 474, 477 (Fla. 3d DCA 1991) (granting mandamus when the trial court impermissibly refused to issue writ required by law; “in a statute such as this one, the term ‘may,’ which indeed ordinarily implies the exercise of choice or discretion, simply does not do so, and must, in contrast, be given a definition equivalent to the mandatory ‘shall.’ ”), it is ordered that it expeditiously do so.
Mandamus granted.[1]
GERSTEN, J., concurs.

. Neither the respondent who was ordered, nor the trial judge, who was invited to do so, has filed any response to the petition.