LAGOA, J.
Petitioner Comprehensive Health Center, LLC (“Comprehensive”), seeks a writ of certiorari to quash the decision of the circuit court appellate division denying its motion for appellate attorney’s fees.[1] Because the circuit court appellate division departed from the essential requirements of the law, we grant the petition.
*526 Comprehensive, as the insured’s assign-ee, filed an action in county court against respondent United Automobile Insurance Company (“United”) for recovery of personal injury protection benefits. The county court entered summary judgment in favor of Comprehensive and granted its motion for protective order, requiring United to pay an expert witness fee to Dr. Schliefer before his deposition. On appeal, United sought reversal of the summary judgment and the order as to Dr. Sehliefer’s expert witness fee. The circuit court appellate division reversed the summary judgment, but it affirmed the order as to the expert witness fee. The circuit court appellate division denied Comprehensive’s motion for appellate attorney’s fees, stating that Comprehensive did not prevail in the appeal, citing section 627.428(1), Florida Statutes (2010).[2] On rehearing, Comprehensive argued that it was entitled to fees for the portion of the appeal in which it prevailed. The motion was denied and this petition followed.
Comprehensive argues that the circuit court appellate division departed from the essential requirements of law in failing to award appellate attorney’s fees to Comprehensive for prevailing on the expert witness fee issue. We agree.
United does not dispute that an insured’s assignee is entitled to appellate attorney’s fees to the extent that it has prevailed on appeal, pursuant to section 627.428(1). See Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420 (Fla.1994); Mercury Cas. Co. v. Flores, 905 So.2d 179, 181-82 (Fla. 3d DCA 2005) (on motion for rehearing); Lumbermens Mut. Cas. Co. v. Percefull, 638 So.2d 1026, 1029-30 (Fla. 4th DCA 1994), approved, 653 So.2d 389 (Fla.1995); Great Sw. Fire Ins. Co. v. DeWitt, 458 So.2d 398 (Fla. 1st DCA 1984); see generally Cont’l Cas. Co. v. Ryan Inc. E., 974 So.2d 368, 377 (Fla.2008) (reaffirming holding that “third parties who claim policy coverage through an assignment are entitled to an award of fees under section 627.428”). While recognizing that Comprehensive prevailed on one of the issues before the appellate division, United merely contends that whether Comprehensive is entitled to an attorney’s fee award is not settled until this Court issues its decision in United Automobile Insurance Co. v. Garrido, 53 So.3d 235 (Fla. 3d DCA 2009), on the issue of payment of an expert witness fee to a treating physician. Assuming, arguendo, that this contention has any merit, this Court denied certiorari in United Automobile Insurance Co. v. Garrido, 53 So.3d 235 (Fla. 3d DCA 2011) (table). See also Comprehensive Health Ctr., Inc. v. United Auto. Ins. Co., 56 So.3d 41, 44 (Fla. 3d DCA 2010) (denying petition for certiorari to review appellate division reversal of order directing United to pay physicians’ expert witness fees). We, therefore, hold that the failure to grant Comprehensive’s motion for appellate attorney’s fees is a departure from the essential requirements of the law. See, e.g., Hollywood Injury Rehab Ctr. v. United Auto. Ins. Co., 985 So.2d 1221 (Fla. 3d DCA 2008); Prof'l Med. Grp., Inc. v. United Auto. Ins. Co., 967 So.2d 243 (Fla. 3d DCA 2007); Arango v. United Auto. Ins. *527 Co., 901 So.2d 320 (Fla. 3d DCA 2005). Accordingly, we grant the petition, quash the decision denying appellate attorney’s fees and remand with directions to grant Comprehensive’s motion for appellate attorney’s fees incurred in defending the expert witness fee issue on appeal, contingent upon it ultimately prevailing in the case.
Certiorari granted, and decision quashed in part, and cause remanded.

. A petition for a writ of certiorari is the proper vehicle for review of the circuit court appellate division’s denial of appellate attorney's fees. See S. Fla. Pain & Rehab. Ctr., Inc. v. United Auto. Ins. Co., 82 So.3d 854 (Fla. 4th DCA 2011); Hollywood Injury Rehab Ctr. v. United Auto. Ins. Co., 985 So.2d 1221 (Fla. 3d DCA 2008); Prof'l Med. Grp., Inc. v. United Auto. Ins. Co., 967 So.2d 243 (Fla. 3d DCA 2007); Brass & Singer v. United Auto. Ins. Co., 919 So.2d 473, 474 n. 1 (Fla. 3d DCA 2005), approved, 944 So.2d 252 (Fla.2006); cf. United Auto. Ins. Co. v. Perez, 990 So.2d 607 (Fla. 3d DCA 2008) (review of an order granting appellate fees).

. Section 627.428(1) provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal
in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary’s attorney prosecuting the suit in which the recovery is had.