SCHWARTZ, Senior Judge.
 

 The petitioner, who was the successful plaintiff in the county court in an action on a PIP policy, seeks certiorari review of an order of the appellate division of the circuit court which, by clerk’s order, denied him appellate attorney’s fees even though it simultaneously per curiam affirmed the money judgment on appeal. Because this order is directly contrary to the mandatory, non-discretionary requirements of law as required by section 627.428, Florida Statutes, we grant the petition and quash the order below.
 
 See Comprehensive Health Ctr., LLC v. United Auto. Ins. Co.,
 
 — So.3d —, 2011 WL 2848667 (Fla. 3d DCA 2011) (granting certiorari to review of circuit court appellate division denial of appellate section 627.428 attorney’s fees);
 
 S. Fla. Pain & Rehab. Ctr., Inc. v. United Auto. Ins. Co.,
 
 — So.3d —, 2011 WL 1775816 (Fla. 4th DCA 2011) (same);
 
 Hollywood Injury Rehab Ctr. v. United Auto. Ins. Co.,
 
 985 So.2d 1221 (Fla. 3d DCA 2008) (same);
 
 Prof'l Med. Grp., Inc. v. United Auto. Ins. Co.,
 
 967 So.2d 243 (Fla. 3d DCA 2007) (same). But
 
 see Highwoods DLF EOLA, LLC v. Condo Developer, LLC,
 
 51 So.3d 570, 573 n. 1 (Fla. 5th DCA 2010) (indicating that appeal may be appropriate to review initial decision of appellate court on collateral issue).
 

 The insurance company makes no defense, as it could not, of the merits of the order under review. Indeed, its lawyer has what some may call the candor
 
 *
 
 to agree that
 

 [i]f [the insured’s attorney] had contacted undersigned prior to filing his petition in this Court, Respondent would likely have agreed to a motion for rehearing in the circuit court because the denial of his appellate attorney’s fees was legally erroneous.
 

 Rather than confessing error, however, as this concession would seem to require,
 
 see Boca Burger, Inc. v. Forum,
 
 912 So.2d 561, 571-73 (Fla.2005), United has what some may call the courage
 
 *
 
 to contend that, having sought judicial, rather than telephonic relief by filing this completely appropriate petition, the plaintiff is out of luck. This is because, it says, the case does not meet the requirements for second tier review most recently articulated by
 
 Custer Medical Center v. United Automobile Insurance Co.,
 
 62 So.3d 1086 (Fla.2010).
 

 To put it mildly, we disagree.
 
 [1]
 
 Because the order denying appellate fees was the
 
 *1176
 
 first ruling on the question, we do not think that, properly viewed, this proceeding is the second, but rather the first tier of appellate review, so that
 
 Custer
 
 does not directly apply.
 
 Compare United Auto. Ins. Co. v. Palm Chiropractic Ctr., Inc.,
 
 51 So.3d 506 (Fla. 4th DCA 2010). Whether it does or not, and whether review is properly by certiorari or appeal, see
 
 Highwoods DLF EOLA, LLC,
 
 51 So.3d at 573 n. 1, makes no difference.
 
 Custer,
 
 certainly did not abolish district court certiorari review of circuit court appellate decisions. If that remedy is appropriate in any case at all, as it clearly is, it must apply to one like this in which absolutely nothing can be said for the correctness of the order in question. See
 
 Comprehensive Health Ctr., LLC,
 
 — So.3d at — (quashing erroneous denial of appellate attorney’s fees by circuit court);
 
 Hollywood Injury Rehab Ctr.,
 
 985 So.2d at 1222 (same);
 
 Prof'l Med. Grp., Inc.,
 
 967 So.2d at 244 (same);
 
 Arango v. United Auto. Ins. Co.,
 
 901 So.2d 320, 322 (Fla. 3d DCA 2005) (same);
 
 see also United Auto. Ins. Co. v. Salgado,
 
 22 So.3d 594, 598 n. 2 (Fla. 3d DCA 2009) (granting certiorari on second-tier review of circuit court appellate division per curiam affirmance), review dismissed, 31 So.3d 782 (Fla.2010);
 
 Auerbach v. City of Miami,
 
 929 So.2d 693, 694 (Fla. 3d DCA 2006) (same);
 
 Kneale v. Jay Ben, Inc.,
 
 527 So.2d 917, 918 (Fla. 3d DCA 1988) (same);
 
 TBOM Mortg. Holding, LLC v. Brown,
 
 59 So.3d 322 (Fla. 3d DCA 2011) (granting mandamus when requirements of law unequivocally require trial court to enter particular order);
 
 Comcoa, Inc. v. Coe,
 
 587 So.2d 474, 477 (Fla. 3d DCA 1991) (same).
 

 Such a ruling, like the one below, inherently constitutes, in fact is the very exemplar of the “miscarriage of justice” which not only justifies but requires remediation by a superior court like ours. See
 
 Custer Med. Ctr.,
 
 62 So.3d at 1086;
 
 Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885 (Fla.2003); see also
 
 Auerbach,
 
 929 So.2d at 694-95 (“Failing to [grant review] in this case would [be] an unjustified approval of the obvious failure of the circuit court to apply the correct law, ... and of the resulting ‘miscarriage of justice’ which occurred below.”).
 

 Certiorari granted.
 

 *
 

 The reader, if any, is invited to substitute her own preferred equivalent expression.
 
 See, e.g., Hayes v. Guardianship of Thompson,
 
 952 So.2d 498, 509 n. 14 (Fla.2006) (chutzpah);
 
 Zabrani v. Riveron,
 
 495 So.2d 1195, 1197 n. 2 (Fla. 3d DCA 1986) (same);
 
 Price v. Gray’s Guard Service, Inc.,
 
 298 So.2d 461, 464 (Fla. 1st DCA 1974) (intestinal fortitude).
 

 [1]
 

 . As was said with respect to a similar contention in
 
 Kneale v. Jay Ben, Inc.,
 
 527 So.2d 917, 918 n. 1 (Fla. 3d DCA 1988):
 

 
 *1176
 
 [The respondent’s] response to the petition for certiorari here does not even seek to justify the decisions below under the applicable law. Instead, it seems to imply that the small amount [$50.07] involved does not justify our consideration of the case. We reject any such idea. There is nothing in the stated requirements for the invocation of our certiorari jurisdiction — or any other part of our duties — which turns on the amount involved. We do not feel put upon to be required to consider any case, however apparently insignificant, in which our jurisdiction, as here, has been properly invoked. Indeed, it is the [respondent’s] position which is utterly devoid of merit, has caused whatever unnecessary expenditure of judicial resources this case involves.