PER CURIAM.
Upon review of the petition and the response, this Court denies the petition for writ of certiorari in part and grants the petition in part. The petition is denied as to the appellate division’s decision reversing the summary judgment entered in the county court. However, we grant the petition and quash the award of appellate attorney’s fees to respondent. Respondent properly concedes that the award of appellate attorney’s fees, pursuant to section 627.428(1), Florida Statutes, should have been conditioned upon respondent ultimately prevailing in the underlying proceeding. See Guadagno v. United Auto. Ins. Co., 88 So.3d 246 (Fla. 3d DCA 2011); Ramirez v. United Auto. Ins. Co., 67 So.3d 1174 (Fla. 3d DCA 2011); Comprehensive Health Ctr., LLC v. United Auto. Ins. Co., — So.3d -, 2011 WL 2848667 (Fla. 3d DCA 2011); see also Tench v. Am. Reliance Ins. Co., 671 So.2d 801 (Fla. 3d DCA 1996) (on clarification); Allstate Ins. Co. v. De La Fe, 647 So.2d 965 (Fla. 3d DCA 1994). See generally Petty v. Fla. Ins. Guaranty Ass’n, 80 So.3d 313 (Fla.2012) (“[Section 627.428(1) provides that an insured will be entitled to an attorney’s fee award when coverage is disputed and the insured prevails.”). Accordingly, the award of appellate attorney’s fees is quashed and the cause is remanded to the circuit court for entry of a conditional award of appellate attorney’s fees to respondent.
Petition granted in part and denied in part.