EMAS, J.
United Automobile Insurance Company (“United Auto”) seeks certiorari review of an order rendered by the circuit court, in its appellate capacity, which awarded appellate attorneys’ fees to Respondent, Doctor Rehab Center, Inc., a/a/o Jose Hernandez (“Doctor Rehab Center”). We grant the petition and quash the order awarding attorneys’ fees to Doctor Rehab Center.
The case was originally filed in county court by Doctor Rehab Center against United Auto for breach of contract on a PIP policy. Alleging the lawsuit was friv *67 olous, United Auto sought attorneys’ fees under section 57.105, Florida Statutes (2011). On October 12, 2011, Doctor Rehab Center took a voluntary dismissal, and the county court denied United Auto’s motion for section 57.105 fees. United Auto appealed the denial to the appellate division of the circuit court.
During the pendency of that appeal, Doctor Rehab Center filed a motion for appellate attorneys’ fees under section 627.428, Florida Statutes (2013). At oral argument before the circuit court, United Auto argued Doctor Rehab Center was not entitled to appellate attorneys’ fees under section 627.428, because there was no recovery under the insurance policy. The circuit court subsequently affirmed per cu-riam the county court’s order denying United Auto’s motion for attorneys’ fees. The circuit court also issued an order awarding Doctor Rehab Center its appellate attorneys’ fees. The order awarding fees provided no findings and cited no statutory or other basis for the award, but Doctor Rehab Center asserts that the circuit court was authorized to award fees, on its own initiative, under section 57.105, Florida Statutes (2013).[1] However, if the circuit court awarded fees based on section 57.105, it failed to comply with the notice requirement of Florida Rule of Appellate Procedure 9.410(a). Rule 9.410(a) provides:
After 10 days’ notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. . Such sanctions may include reprimand, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys’ fees, or other sanctions.
The circuit court was acting in its appellate capacity; therefore a sua sponte award of attorneys’ fees as a sanction under section 57.105 must comport with the notice requirement of rule 9.410(a). In failing to provide the requisite notice, the circuit court departed from the essential requirements of the law.[2]
We therefore grant the petition, quash the order awarding appellate attorneys’ fees, and remand this cause to the circuit court, appellate division, for further proceedings consistent with this opinion.

. Neither party contends that the circuit court awarded fees under section 627.428, Florida Statutes (2013). In fact, Doctor Rehab Center concedes that it was not entitled to appellate attorneys' fees under that section, and further concedes that it filed no written motion for appellate attorneys’ fees under section 57.105.

. We note that, while we have treated this as a petition for second-tier certiorari, it is in actuality a ''first-tier” appellate review: the circuit court’s order at issue served as an initial ruling, rather than an order (or opinion) following a review of the order of the county court. See Ramirez v. United Auto. Ins. Co., 67 So.3d 1174 (Fla. 3d DCA 2011). Regardless, the failure of the circuit court to comply with the notice provision of rule 9.410 is a departure from the essential requirements of law, warranting relief even under the more restrictive scope of second-tier certiorari review.