# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2806
Lower Tribunal No. 14-268
_____

**State Farm Mutual Automobile Insurance Company,**
Petitioner,

vs.

**Pro Health Pain Relief Center, Inc., etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Jacqueline Hogan Scola, Jorge E. Cueto and Ariana Fajardo Orshan, Judges.

Seipp, Flick & Hosley, LLP, and Douglas H. Stein, for petitioner.

Marlene S. Reiss; Munir D. Barakat, for respondent.

Before SUAREZ, C.J., and WELLS and SHEPHERD, JJ.

SHEPHERD, J.

State Farm Automobile Insurance Company petitions this Court for a writ of certiorari to review an order of the Eleventh Judicial Circuit of Miami-Dade County, sitting in its appellate capacity, unconditionally granting respondent's, Pro Health Pain Relief Center, Inc. a/a/o Arturo Perez, motion for appellate attorney's fees. Respondent concedes below, and we agree, that "the award of appellate attorney's fees, pursuant to section 627.428(1), Florida Statutes, should have been conditioned upon respondent ultimately prevailing in the underlying proceeding." Mercury Ins. Co. of Fla. v. RPM Medical Ctr., 89 So. 3d 261, 262 (Fla. 3d DCA 2012) (citing Guadagno v. United Auto. Ins. Co., 88 So. 3d 246 (Fla. 3d DCA 2011)) (other citations omitted). In Guadagno, this Court held, "the circuit court, acting in its appellate capacity, should have awarded petitioner appellate attorney's fees, pursuant to section 627.428(1), Florida Statutes (1982), conditioned upon petitioner prevailing in the underlying proceedings" and "[t]he failure to do so was a departure from the essential requirements of law." Guadagno at 247.

We therefore grant the petition for writ of certiorari and quash the circuit court appellate division's order unconditionally granting respondent's appellate attorney's fees. We further remand to the appellate division for entry of an order conditionally awarding appellate attorney's fees to respondent upon its prevailing in the underlying proceedings.

Petition granted, order quashed, and case remanded with instructions.