# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-915
Lower Tribunal No. 15-134

_____

**Priority Medical Rehabilitation Inc., a/a/o Maykel Coroas,**
Petitioner,

vs.

**United Automobile Insurance Company,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Dennis J. Murphy, Mindy Sue Glazer, and Milton Hirsch, Judges.

Christian Carrazana, P.A. and Christian Carrazana, for petitioner.

Michael J. Neimand, House Counsel, for respondent.


Before SUAREZ, SCALES, and LUCK, JJ.

SUAREZ, J.

Priority Medical Rehabilitation Inc. ["Priority Medical"] petitions this Court

for a second-tier writ of certiorari to quash the order of the appellate division of the

Eleventh Judicial Circuit which affirmed summary judgment in favor of United Automobile Insurance Company ["United Auto"] in this PIP matter. Because we find that the appellate division provided due process and applied the correct law, we deny the petition.

**Factual Background**

United Auto issued a PIP policy to Pedro Coroas. After the policy was issued, Coroas's son was involved in an accident and sustained injuries while driving the insured vehicle. Priority provided treatment to the son in exchange for assignment of the PIP benefits. After Priority's claim was made for treatment of the son, United Auto discovered that the son had not been disclosed as a member of the household at the time the policy was applied for. United Auto did not rescind the policy or refund the premium paid. United paid the collision claim for repair of the vehicle but declined to pay the PIP claim submitted by Priority Medical.

Priority Medical filed a breach of contract claim and United Auto defended, in part, by arguing that liability was barred under Florida Statute Section 627.409 (2004) because the son had not been listed on the application and the omission was material.

After proceedings which are irrelevant here, the trial court entered summary judgment in favor of United Auto. Priority Medical appealed to the Circuit Court Appellate Division, which affirmed per curiam.

2

In granting summary judgment for United Auto, the trial court found that this case was "almost identical" to Martinez v. General Ins. Co., 483 So. 2d 892, 894 (Fla. 3d DCA 1986). In Martinez, Mrs. Martinez' son was living in her household at the same time she submitted her application to renew her automobile insurance. She failed to list her son on the application. He was then involved in an accident while driving one of the insured vehicles. This Court found that the insured's omission of her son's name from an application for renewal of automobile insurance

> did not serve to vitiate the policy from its inception for claims unrelated to the omission. The failure to list [the son] on the renewal application precluded coverage only for a claim arising out of [the son's] driving a vehicle insured under the policy. [The insured] herself was covered throughout the entire period that the policy was in force, and it is this coverage, and no other, that was acknowledged by the insurer when it retained the premium.

**Applicable Law**

A district court's standard of review of a petition for second tier certiorari is very limited. "[W]hen a district court considers a petition for second-tier certiorari review, the 'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523,

3

530 (Fla. 1995)); accord Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000) ("[T]he proper inquiry under certiorari review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law."). A second-tier certiorari proceeding "cannot be used to grant a second appeal to correct the existence of mere legal error," and "a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice." Custer, 62 So. 3d at 1092–93; accord Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003); Ivey, 774 So. 2d at 682, 683 (stating that a court's misapplication of the correct law or "erroneous interpretation of [a] law" is not a departure from the essential requirements of the law).

Priority Medical does not argue that it was not afforded procedural due process. We concluded that the appellate division, as well as the trial court, applied the correct law and did not depart from any essential requirement of law. The trial court was correct in finding that this matter is controlled by Martinez v. General Ins. Co., 483 So. 2d 892, 894 (Fla. 3d DCA 1986). United Auto was not required to return the premium where the coverage continues for the named insured. On the other hand, it may deny coverage for the loss claimed as the loss was a result of a risk United did not assume under the contract because of an omission in the application process. Petition for second tier certiorari is denied.

4