# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2268
Lower Tribunal Nos. 08-438, 16-377
_____


**Claudia Burneo,**
Petitioner,

vs.

**United Automobile Insurance Company,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Nushin G. Sayfie, Lisa Walsh and Andrea Wolfson, Judges.

Mark J. Feldman, P.A., and Mark J. Feldman, for petitioner.

Michael J. Neimand, for respondent.


Before EMAS, C.J., and SALTER and FERNANDEZ, JJ.

EMAS, C.J.

In this petition for second-tier certiorari, Claudia Burneo seeks review and quashal of two orders of the circuit court, sitting in its appellate capacity.

As to the first order, which affirmed per curiam an order of the county court denying a motion to enforce an alleged settlement agreement between the parties, we deny the petition. See Strong & Trowbridge Co. v. H. Baars & Co., 54 So. 92 (Fla. 1910); Restatement (Second) of Contracts, § 39, cmts. a, b (1981). At best, Burneo has established the existence of mere legal error, for which second-tier certiorari relief is unavailable. Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010); Priority Med. Rehab., Inc. v. United Auto. Ins. Co., 227 So. 3d 672, 673-74 (Fla. 3d DCA 2017).

However, as to the circuit court's second order, which conditionally granted United Auto's motion for appellate attorney's fees, we grant the petition and quash that order, as the circuit court departed from the essential requirements of law in ordering that United Auto was entitled to appellate attorney's fees "conditioned upon prevailing below."

As United Auto properly and commendably concedes, its motion for appellate attorney's fees was premised not upon a "prevailing party" provision, but upon a proposal for settlement served upon Burneo. United Auto further concedes that the order granting entitlement to appellate attorney's fees must be conditioned upon the trial court's determination that United Auto satisfied the requirements of section

768.79, Florida Statutes (2018) and Florida Rule of Civil Procedure 1.442. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 377 (Fla. 2013) (requiring strict compliance with section 768.79 and rule 1.442).[1]

We therefore deny the petition in part, grant the petition in part, quash the order of the circuit court which granted United Auto's motion for appellate attorney's fees "conditioned upon prevailing below," and remand this cause to the circuit court, in its appellate capacity, for further proceedings.

---

[1] In addition, we note that the circuit court's order granting United Auto's motion for appellate attorney's fees was the "first ruling on the question." Therefore, as to that order, this proceeding is more properly considered by us as the "first tier of appellate review," such that the narrowed requirements of second-tier review, established in Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086 (Fla. 2010), do not directly apply. See Ramirez v. United Auto. Ins. Co., 67 So. 3d 1174, 1175-76 (Fla. 3d DCA 2011). Regardless of whether our review of this order is characterized as first-tier or second-tier, it is clear that the circuit court departed from the essential requirements of the law, as there was no statutory, contractual or other basis upon which the circuit court could have premised its award of appellate attorney's fees to United Auto as a "prevailing party."